589 P.2d 508 (1978)
Samuel BERMAN, Plaintiff-Appellant,
v.
The PEOPLE of the State of Colorado, Defendant-Appellee.
No. 78-461.
Colorado Court of Appeals, Division III.
November 2, 1978.
Rehearing Denied November 24, 1978.
Certiorari Denied January 22, 1979.
*509 Samuel Berman, Denver, Harry R. Sayre, Trinidad, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for defendant-appellee.
VAN CISE, Judge.
On June 11, 1976, and February 25, 1977, a State Grand Jury returned indictments against Ernest Sandoval, then District Attorney for the Third Judicial District. Samuel Berman was named as an "unindicted co-conspirator" in one of the indictments and his name appeared in numerous places in both indictments. At oral argument, both counsel agreed that the cases against Sandoval have been disposed of by plea bargaining and these charges have been dismissed and are no longer pending.
Berman brought this action against the State, requesting that all references to him in the indictments be expunged. The trial court granted the State's motion to dismiss. We reverse.
This is not an action for damages against the State. It is merely a request by Berman that references to him in the spent indictments be expunged.
In Davidson v. Dill, 180 Colo. 123, 503 P.2d 157 (1972), the Supreme Court held that a person who has been acquitted of criminal charges may have the constitutional right to compel the police to return or expunge arrest data. See People v. Lichtenwalter, 184 Colo. 340, 520 P.2d 583 (1974). Expungement is required when the harm to the individual's right of privacy outweighs the public interest in retaining the records. Davidson, supra.
In the instant case, Berman's right of privacy was invaded by including his name in the indictments. Assuming, without deciding, that at the time the indictments were issued the needs of effective law enforcement required naming Berman as an unindicted conspirator, and outweighed the harm to him as an individual, we see no state interest in retaining his name on these documents once the case framed by the indictments has been concluded. It is therefore proper that Berman's request be granted.
The Criminal Justice Records Act, Colo. Sess. Laws 1977, ch. 340, § 24-72-301 et seq. at 1244 and Colo. Sess. Laws 1978, ch. 86 at 403, provides for access to, challenges as to accuracy of, and sealing of criminal justice records. However, (1) and (7) of the definitions section of that statute, which pertain to indictments, make no mention of unindicted co-conspirators. Therefore the statute is not applicable to the facts before us.
The judgment of the trial court is reversed, and the cause is remanded with directions to the trial court to enter an order expunging all references to Berman in the two indictments.
PIERCE and RULAND, JJ., concur.