**Donald ESLICK and Robert Rappuhn, Appellants,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 4, 1996.

No Permission to Appeal Applied for to the Supreme Court.

Donald Eslick and Robert Rappuhn, Nashville, pro se.

Charles W. Burson, Attorney General, and Merrilyn Feirman, Assistant Attorney General, Nashville, Jerry N. Estes, District Attorney General, Athens, for appellee.

## OPINION

TIPTON, Judge.

The petitioners, Donald Eslick and Robert Rappuhn, appeal as of right from the McMinn County Criminal Court's denial of their petition to expunge public records regarding aggravated rape and murder charges that were resolved in their favor. The trial court concluded that the record of those charges were so intertwined with the aggravated kidnapping convictions received by the petitioners that expunction should not occur. The petitioners contend that the records pertaining to the dismissed or acquitted charge are to be expunged pursuant to T.C.A. § 40–32–101 even though they are convicted upon another charge arising from the same indictment. Also, they contend that the trial judge should have recused himself from this case because he was the assistant district attorney who prosecuted them for the relevant criminal charges. The state acknowledges that a remand for further consideration may be appropriate, but it makes no response to the recusal claim. We agree that a remand is in order and the issue of recusal should be addressed in the trial court.

The record in this appeal is scant. The petition seeking expunction was filed on May 6, 1994, and the trial court's order denying relief was filed on May 9, 1994. The order does not indicate if or when any hearing was held,[1] but it contains an account of the petitioners' relevant case history. The order is as follows:

> The petitioners Rappuhn and Eslick were jointly indicted with two other defendants in a four count indictment, all offenses growing out of the same action of criminal conduct. The first two counts were consolidated and charged all four defendants with felony murder of the victim. The third count charged all four defendants with aggravated kidnapping of the same victim, and the fourth count charged only the petitioners with aggravated rape of the same victim, and the fourth count was dismissed by the state's motion. The cases were jointly tried by jury on April the 28th, 29th, and 30th, 1982, resulting in the acquittal of two of the defendants on all counts, and an acquittal of the petitioners on the murder count and resulting in the conviction of the petitioner[s] on the offense of aggravated kidnapping.

> Although technically the petitioners may be entitled to expungement of the records relative to the aggravated rape charge and the murder charge, the Court is of the opinion and finds that the records of those two charges are so entwined with the offense of aggravated kidnapping that the records, including the District Attorney's files, the police department files, court records, and all other documents concerning these charges, cannot be expunged without destroying substantive data affecting the charge for which they were convicted, and thus the petition for expungement is hereby denied.

 Ordinarily, the trial court has no discretion relative to expunging public records for charges resulting in a dismissal or an acquittal. *State v. McCary,* 815 S.W.2d 220, 221–22 (Tenn.Crim.App.1991). Obviously, some records that relate to several charges, some resulting in convictions and others resulting in acquittals, may be of such a character that it is impractical to redact the part dealing with the dismissed charges. However, the mandatory nature of the expunction statute means that any exception to it must be for cause shown. In this respect, a blanket refusal to expunge any records relating to a dismissed charge is inherently suspect and it is incumbent upon the opponent of expunction to insure that the record justifies less than full redaction of relevant records. In fact, this court has previously ordered the expunction of public records of dismissed counts even though a conviction was obtained for one count in a multi-count indictment, noting that the state could not prohibit expunction by claiming that the records for the dismissed and convicting counts are intertwined when it is in the state's power to decide if multiple charges are to be brought in a single indictment. *See State v. Terrence Liddle,* 929 S.W.2d 415 (Tenn.Crim. App.1996).

We have before us an insufficient record to determine what may be expunged.[2] Thus, as the state suggests, we remand the case to the trial court for reconsideration about whether redaction can be performed upon the records without destroying documents necessarily relevant to the offenses for which the petitioners were convicted. To the extent that redaction is found not to be feasible, the record should contain sufficient evidence to show that such a finding is justified. Also, the issue of recusal of the trial judge should first be addressed to the trial court for appropriate consideration.

WADE, J., and BURCH, Special Judge, concur.

---

1. The state's brief says that no hearing was held.

2. We do not believe that we can cast upon the petitioners the blame of an inadequate record in this case. With the trial court's order being entered three days after the petitioners had filed their petition and with that order asserting facts the trial court found to exist without any indication of either a hearing being held or other records being reviewed, we doubt that any additional record exists in this case.