### PENNSYLVANIA STATE POLICE, Petitioner,

v.

### Wilfred J. RUSH, Jr., Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 3, 2001.

Decided April 27, 2001.

Joanna N. Reynolds, Harrisburg, for petitioner.

David B. Cercone, Pittsburgh, for respondent.

Before FRIEDMAN, Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

The Pennsylvania State Police (PSP) petitions for review of an order of an Administrative Law Judge (ALJ), appointed by the Office of Attorney General (OAG), upholding the appeal of Wilfred J. Rush, Jr. (Rush) from the denial of his application to purchase a firearm. We affirm.

On March 2, 1968, Rush was arrested in the city of Pittsburgh and charged with

violations of what we now refer to as the Vehicle Code.[1] Specifically, Rush was charged with two offenses, one relating to a duty to stop in event of an accident and the other relating to reckless driving. These charges arose out of an incident in which Rush hit three parked automobiles with his vehicle and failed to stop. The former offense was graded as a misdemeanor and carried a maximum sentence of not more than three years imprisonment, whereas the latter offense was a summary offense which carried a maximum sentence of not more than ten days imprisonment. Rush was convicted of one of these offenses and sentenced to pay a fine of $15.00 and suffer a suspension of his operating privilege for a period of fifteen days.[2]

On December 23, 1998, Rush presented an application to purchase a firearm at a gun club in Bulger, Pennsylvania. In response to an instantaneous records check request from the firearm licensee and pursuant to Section 6111.1(b) of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa.C.S. § 6111.1(b), the PSP conducted a review of their criminal history files and other relevant records to determine if Rush was prohibited from receipt or possession of a firearm under federal or state law. This review revealed a disqualifying conviction, i.e., a 1968 conviction relating to duty to stop in event of an accident, and Rush's application was denied.[3] Rush filed a form challenging his denial. By letters dated January 4, 1999, and May 6, 1999, the Director of the PSP's Records and Identification Division confirmed the denial, noting Rush's 1968 conviction.

Rush thereafter filed an appeal with the OAG pursuant to Section 6111.1(e) of the Uniform Firearms Act, 18 Pa.C.S. § 6111.1(e). As his appeal was pending, Rush filed a petition with the Court of Common Pleas of Allegheny County (trial court) to partially expunge his criminal record and correct the same to reflect that his 1968 conviction related to the summary offense of reckless driving.[4] By order dated March 17, 2000, the trial court granted Rush's petition and directed the various keepers of criminal records, including the PSP, to expunge any reference to the misdemeanor offense relating to duty stop in event of an accident.[5] OAG thereafter assigned the case to the ALJ and a hearing was scheduled and held on May 15, 2000. At this hearing, counsel for Rush presented a motion in limine seeking to exclude any reference to a 1968 misdemeanor conviction, based upon the trial court's partial expungement order, which was introduced into evidence.

The ALJ ultimately granted Rush's motion and the PSP were prohibited from

---

1. 75 Pa.C.S. §§ 101–9805.

2. The PSP's records indicated that Rush was convicted of the offense relating to duty to stop in event of an accident. However, as will be discussed below, Rush later challenged the accuracy of these records.

3. Section 922(g) of the Federal Gun Control Act of 1968 (Gun Control Act), 18 U.S.C. § 922(g), essentially provides that "[i]t shall be unlawful for any person…convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess or receive a firearm.

4. Such a conviction would not serve as a disqualifying conviction under the Gun Control Act.

5. Notice of this petition was served on the District Attorney's Office in Allegheny County. Assistant District Attorney Dan Fitzsimmons reviewed the trial court's March 17, 2000, partial expungement order and noted that Rush had been found guilty of the summary offense of reckless driving.

introducing any evidence of a 1968 conviction relating to the offense of duty to stop in event of an accident. On May 18, 2000, the ALJ issued an order upholding Rush's appeal, directing the PSP to correct Rush's official criminal record and notify all applicable agencies of the same and directing the PSP to provide Rush with a corrected copy of his criminal record information. The ALJ's order was based upon his conclusion that insufficient evidence was presented to sustain the PSP's denial of Rush's firearm application. The ALJ accepted the trial court's partial expungement order and noted that a conviction relating to the summary offense of reckless driving was not a disqualifying offense barring Rush from possessing a firearm. The PSP thereafter filed a petition for review with this Court.

■ On appeal,[6] the PSP argues that the ALJ erred as a matter of law in granting Rush's motion in limine based upon the partial expungement order of the trial court. We disagree.

As noted above, Section 6111.1(b) of the Uniform Firearms Act authorizes the PSP to review its criminal history records to determine whether or not a party is prohibited from receipt or possession of a firearm. Also as noted above, Section 922(g) of the Gun Control Act prohibits any person who has been convicted "in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing or receiving a firearm.[7]

At the time of his 1968 arrest and conviction, the offense relating to a duty to stop in event of an accident was graded as a misdemeanor and carried a maximum sentence of not more than three years imprisonment. On the other hand, the offense relating to reckless driving was a summary offense which carried a maximum sentence of not more than ten days imprisonment. Hence, the former serves as a disqualifying conviction under Section 922(g) of the Gun Control Act, whereas the latter does not.

■ The PSP challenges the validity of the trial court's partial expungement order[8] and places heavy emphasis on the fact that it was not notified of, nor was it a party to, Rush's expungement proceedings before the trial court.[9] At the same time, the PSP concedes that even if it had been

---

6. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed or whether constitutional rights were violated. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

7. The phrase "crime punishable by imprisonment for a term exceeding one year" is defined by Section 921(a)(20)(B) of the Gun Control Act to exclude any state offense classified by the laws of the state as a misdemeanor and punishable by a term of imprisonment of two years or less. 18 U.S.C. § 921(a)(20)(B).

8. More specifically, the PSP argues that the trial court lacked the authority to expunge Rush's criminal record under Section 9122 of the Criminal History Record Information Act (CHRIA), 18 Pa.C.S. § 9122, which only provides for limited situations when such a record "shall be expunged." These situations include when "[n]o disposition has been received or...has been recorded...within 18 months after the date of arrest," when "[a] court order requires that such nonconviction data be expunged," when the subject individual "reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement," or when the subject individual "has been dead for three years." 18 Pa.C.S. § 9122(a)(1), (2), (b)(1), (2), respectively.

9. The PSP further argues that if it was compelled to comply with the trial court's partial expungement order, it would be violating its statutory mandate to maintain "complete and accurate criminal history record information." *See* Section 9111 of CHRIA, 18 Pa. C.S. § 9111.

given proper notice, it was without standing to object to Rush's petition for partial expungement before the trial court. *See Pennsylvania State Police v. Court of Common Pleas of Bucks County*, 150 Pa. Cmwlth. 338, 615 A.2d 946 (1992), *affirmed*, 533 Pa. 324, 623 A.2d 814 (1993) (holding that the PSP lacks standing to object to an expungement request).[10]

Moreover, our Pennsylvania Supreme Court recently once again addressed these same issues in *Commonwealth v. J.H.*, 563 Pa. 248, 759 A.2d 1269 (2000). In *J.H.*, the Court held that the PSP was without standing to contest the propriety or underlying merits of a lower court expungement order as it was not an aggrieved party because it was without "a sufficient interest in the subject matter" and was not even required to be notified "until after an expungement order has been entered." *J.H.*, 563 Pa. at 251, 253, 759 A.2d at 1270, 1271. Further, the Court in *J.H.* rejected an argument by the PSP that forcing them to follow a lower court expungement order would cause it to violate its statutory mandate. Thus, we cannot say that the ALJ erred as a matter of law in granting Rush's motion in limine based upon the partial expungement order of the trial court.

Accordingly, the order of the ALJ is affirmed.

### ORDER

AND NOW, this 27th day of April, 2001, the order of the Administrative Law Judge, appointed by the Office of Attorney General, is hereby affirmed.

---

**10.** In *Bucks County*, we noted that Section 9122(f) of CHRIA, 18 Pa.C.S. § 9122(f), provides for notice only to the District Attorney before a court conducts an expungement hearing and Section 9122(d) of CHRIA, 18 Pa.C.S. § 9122(d), provides for notice to the PSP only after an expungement is granted.