# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### October 25, 2006 Session

## STATE OF TENNESSEE v. JAMES MICHAEL HANNERS

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-51946     Don R. Ash, Judge**

---

**No. M2005-2380-CCA-WR-CD - Filed April 12, 2007**

---

The appellant, James Michael Hanners, was convicted by a Rutherford County jury of misdemeanor assault, a lesser-included offense of abuse of a child under six years of age, in September 2002. In January 2003, the trial court sentenced the appellant to eleven months and twenty-nine days. In August 2005, the appellant moved for expungement of any records relating to the charge of child abuse, which the trial court denied relying on Tennessee Code Annotated section 40-32-101, as amended May 22, 2003. On appeal, the appellant argues that the denial of his motion for expungement violates the Ex Post Facto Clause of the Tennessee Constitution because he was entitled to expungement at the time of his conviction and sentencing. After our review of the parties' briefs and the record as a whole, we reverse the judgment of the trial court and remand for entry of an expungement order.

**Tenn. Code Ann. § 27-8-101 Writ of Certiorari; Judgment of the Criminal Court Reversed and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

B.F. "Jack" Lowery and G. Jeff Cherry, Lebanon, Tennessee, for the appellant, James Michael Hanners.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; William Whitesell, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### BACKGROUND

In January 2002, the appellant was indicted for the abuse of a child under six years of age, a Class D felony. Following a jury trial in September 2002, he was convicted of the lesser-included offense of assault, a Class A misdemeanor. The appellant was sentenced on January 7, 2003, to

eleven months and twenty-nine days, suspended after service of seven months. The judgment was signed by the trial court on January 14 and filed on January 15, 2003.

In August 2005, the appellant moved for expungement of any records related to the charge of child abuse on the grounds that the jury acquitted him of that charge. The trial court denied the appellant's motion relying on Tennessee Code Annotated section 40-32-101, as amended May 22, 2003, which provided that expungement of records regarding a charged offense was not permissible when a defendant was convicted of a lesser-included offense of the charged offense. The appellant filed a motion for reconsideration in October 2005. The trial court denied said motion in November 2005, stating that the amended statute was procedural and could be applied retroactively and that it did not alter the appellant's situation to his disadvantage.

Thereafter, the appellant filed a petition for writ of certiorari as well as a notice of appeal, and his appeal as of right was assigned the Court of Criminal Appeals docket number M2005-02770-CCA-R3-CD. The appellant requested that this court take judicial notice that the record in the appeal as of right was the same record upon which the petition for writ of certiorari was presented. This court granted the appellant's petition for writ of certiorari pursuant to Tennessee Code Annotated section 27-8-101 and *State v. Adler*, 92 S.W.3d 397 (Tenn. 2002),[1] and consolidated case number M2005-02770-CCA-R3-CD with the instant case. The issue presented for our review is: "Whether the 2003 addition to Tennessee Code Annotated section 40-32-101(a)(1) (2003) violates the prohibition against *ex post facto* laws."

## STANDARD OF REVIEW

Review under the common law writ of certiorari, *see* Tenn. Code Ann. § 27-8-101, is limited to whether the inferior board or tribunal (1) has exceeded its jurisdiction, or (2) has acted illegally, arbitrarily, or fraudulently. *See Petition of Gant*, 937 S.W.2d 842, 844-45 (Tenn. 1996); *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990).

## ANALYSIS

The appellant asserts that the denial of his request for expungement was error because he was entitled to expungement under the law in effect at the time of his conviction and sentencing. The appellant relies on *State v. Adler* in making his argument.

At the time of the appellant's conviction and sentencing, Tennessee Code Annotated section 40-32-101 stated as follows:

---

[1] Our supreme court in *Adler* determined that the proper avenue for challenging a trial court's decision regarding expungement is the common law writ of certiorari as codified in Tennessee Code Annotated section 27-8-101. The court made this determination after deciding that neither a criminal defendant nor the state had an appeal as of right under Tennessee Rule of Appellate Procedure 3 from an unfavorable ruling concerning an expungement order.

All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

On December 30, 2002, the Tennessee Supreme Court, in *State v. Adler* addressed the issue of whether a defendant, convicted of a lesser offense than the offense charged in the indictment, could expunge the charged offense pursuant to the expungement statute. In determining this issue, the court first undertook the interpretation of the expungement statute with the expressed goal of effectuating the purpose and intent of the legislature. *Adler*, 92 S.W.3d at 402. The court recognized that the purpose of the expungement statute was "to prevent a citizen from bearing the stigma of having been charged with a criminal offense, where he was *acquitted* of the charge or prosecution of the charge was abandoned." *Id.* (citation and internal quotations omitted). The court then held that "a defendant who is convicted of a lesser-included offense of the offense sought in the indictment or presentment is entitled to have the record expunged of any greater charge(s) for which the jury finds the defendant not guilty." *Id.* at 403.

On May 22, 2003, the Tennessee General Assembly enacted Public Chapter 175, which in pertinent part amended the expungement statute to include the following language: "provided however, when a defendant in a case has been convicted of any offense or charge, including a lesser included offense or charge, the defendant shall not be entitled to expungement of the records or charges in such case pursuant to this part." The Act was to take effect upon becoming law.

The state asserts that the expungement statute has always prohibited expungement of records following the jury's return of any verdict of guilty and afforded relief only to a defendant who is completely exonerated of criminal wrongdoing. The state submits that the Tennessee legislature amended the statute in 2003 to correct the Tennessee Supreme Court's misinterpretation of the statute in *State v. Adler*. In making its argument, the state relies on *State v. Jennings*, 130 S.W.3d 43, 46-47 (Tenn. 2004), where the Tennessee Supreme Court held that a defendant found not guilty by reason of insanity was not entitled to expungement pursuant to the pre-amendment statute.

Upon review, we first note that the *Jennings* case is distinguishable from *Adler*. There is a difference between a finding of not guilty by reason of insanity and guilty of a lesser-included offense. A verdict of not guilty by reason of insanity means that the offender cannot be held responsible for his or her actions due to insanity, not that the person is not guilty of the crime. *See id.* A verdict of guilty of a lesser-included offense means that the offender was first found not guilty of the greater offense. The *Jennings* decision was also based in part on the fact that the verdict of not guilty by reason of insanity was rendered after a bench trial, not a jury trial. *Id.* Second, and most importantly, it is not this court's position to question our supreme court's interpretation of a statute. At the time of the appellant's conviction and sentencing, the expungement statute, as interpreted by our supreme court, allowed for expungement of a charged offense when a defendant

was convicted of a lesser-included offense. Accordingly, the state's argument that the Tennessee Supreme Court erred in its decision in *Adler* is not sustainable.

Having concluded that the appellant was entitled to expungement at the time of his conviction and sentencing, we must now address whether the legislative amendment to the expungement statute could nevertheless be applied in the appellant's case to bar expungement.

Under the Tennessee Constitution, "no retrospective law . . . shall be made." Tenn. Const. art. 1, § 20. Therefore, unless the legislature clearly indicates otherwise, statutes are presumed to operate prospectively. *Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998). However, statutes that are remedial or procedural in nature may be applied retroactively to causes of action arising before the acts became law and to suits pending when the legislation took effect. *In re D.A.H.*, 142 S.W.3d 267, 273 (Tenn. 2004). Remedial statutes are defined as "'[l]egislation providing means or method whereby causes of action may be effectuated, wrongs redressed and relief obtained. . . .'" *Nutt*, 980 S.W.2d at 368 (quoting *State Dep't of Human Servs. v. Defriece*, 937 S.W.2d 954, 958 (Tenn. Ct. App. 1996). Similarly, a procedural statute is one that addresses the mode or proceeding by which a legal right is enforced. *Saylors v. Riggsbee*, 544 S.W.2d 609, 610 (Tenn. 1976) (quoting *Jones v. Garrett*, 386 P.2d 194, 198-199 (Kan. 1963)). However, "even a procedural or remedial statute may not be applied retroactively if it impairs a vested right or contractual obligation. *In re D.A.H.*, 142 S.W.3d at 273 (citation omitted). "A vested right is . . . a right which is proper for the state to recognize and protect and of which [an] individual [can] not be deprived arbitrarily without injustice." *Id.* (citation and internal quotations omitted). Arguably, the expungement statute is remedial in nature. *See State v. Doe*, 588 S.W.2d 549, 551 (Tenn. 1979) (overruled, in part, by statute) (describing the expungement statute as "remedial legislation").

Applying a statute retroactively in a criminal case may implicate constitutional prohibitions against ex post facto laws, which are forbidden under both the United States and Tennessee Constitutions. U.S. Const. art. 1, § 10, cl. 1 ("No State shall . . . pass any . . . ex post facto Law . . . ."); Tenn. Const. art. I, § 11 ("[L]aws made for the punishment of acts committed previous to the existence of such laws, and by them only declared criminal, are contrary to the principles of free government; wherefore no *ex post facto* law shall be made."). In *Miller v. State*, 584 S.W.2d 758 (Tenn. 1979), our supreme court noted that there are five classifications of ex post facto laws: (1) a law that provides for the infliction of punishment upon a person for an act done which, when it was committed, was innocent; (2) a law that aggravates a crime or makes it greater than when it was committed; (3) a law that changes punishment or inflicts a greater punishment than the law annexed to the crime when it was committed; (4) a law that changes the rules of evidence and receives less or different testimony than was required at the time of the commission of the offense in order to convict the offender; and (5) every law which, in relation to the offense or its consequences, alters

the situation of a person to his disadvantage.[2] *Id.* at 761 (citing *State v. Rowe*, 116 N.J.L. 48, 181 A. 706 (1935)); *see State v. Odom*, 137 S.W.3d 572, 582 (Tenn. 2004).

In this case, we conclude that the 2003 amendment to the expungement statute cannot be used to deny the appellant's request for expungement for the following reasons: First, as previously discussed, at the time of his conviction and sentencing, our expungement law, as interpreted by the Tennessee Supreme Court, entitled the appellant to expungement of any records regarding a charge of which he was not convicted even if he was convicted of a lesser-included offense of the charged offense.

Second, the legislative amendment denying expungement to an offender convicted of a lesser-included offense was approved on May 22, 2003, a date subsequent to the appellant's conviction and sentencing. Even if the statute is remedial in nature and can therefore be retroactively applied, retrospective application of the amendment arguably impairs the appellant's reasonable expectations based on the law at the time of his conviction and sentencing. *See Doe v. Sundquist*, 2 S.W.3d 919, 924 (Tenn. 1999) (stating that retroactive application of a law impairs a vested right when, among other things, it defeats the reasonable expectations of affected parties or surprises persons who have relied on the prior law).

Third, in our view, the retroactive application of the amended expungement statute violates the appellant's constitutional protection against ex post facto laws because at minimum it offers a situation disadvantageous to the appellant by unduly burdening him with the societal stigma attached to a felony. *See Adler*, 92 S.W.3d at 402 (noting that the purpose of the expungement statute is "to prevent a citizen from bearing the stigma of having been charged with a criminal offense, where he was acquitted of the charge"); *Doe*, 588 S.W.2d at 552 (stating that "[i]t is common knowledge that the preferment of charges against a citizen can have a severe impact upon his reputation, regardless of whether or not a conviction results"); *see State v. Anderson*, 744 P.2d 143 (Kan. Ct. App. 1987) (stating that retroactive application of change in expungement statute to deny defendant the opportunity to expunge his criminal record disadvantaged him and constituted punishment, and thus, was an ex post facto violation); *but see State v. T.P.M.*, 460 A.2d 167, 189 N.J. Super. 360 (N.J. Super. Ct. App. Div. 1983) (stating that retroactive application of change in expungement statute to deny defendant the opportunity to expunge his criminal record was not violation of ex post facto clause because the "existence of a criminal record is simply a fact of life, not part of the sentence and punishment").

Accordingly, we conclude that the appellant was entitled to expungement of the records regarding the charge of child abuse and because the trial court acted without legal authority in

---

[2] The Tennessee Supreme Court also indicated in *Miller* that the Ex Post Facto Clause of the Tennessee Constitution has a broader reach and provides more protection than its federal counterpart. *See Miller*, 584 S.W.2d at 760-61; *see also State v. Larry Wade Gibson*, No. E2003-02102-CCA-R3-CD, 2004 WL 282700, at *3 (Tenn. Crim. App., at Knoxville, Dec. 9, 2004), *perm. app. denied* (Tenn. Mar. 21, 2005). Therefore, whether a person is "disadvantaged" by the law is a valid inquiry in a Tennessee ex post facto analysis; whereas, the federal analysis has shifted away from this more lenient standard. *See Collins v. Youngblood*, 497 U.S. 37, 46-52 (1990).

denying expungement, we reverse the judgment of the trial court and remand for entry of an order of expungement.

The appellant also requests that we address the due process concerns regarding the 2003 legislative amendment to the expungement statute. However, this court will "not decide constitutional questions unless resolution is absolutely necessary for determination of the case and the rights of the parties." *State v. Thompson*, 151 S.W.3d 434, 442 (Tenn. 2004) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). Having already resolved the appellant's case on other grounds, we decline to address the potential due process implications.

## CONCLUSION

Based on the aforementioned reasoning and authorities, we reverse the judgment of the trial court and remand for entry of an expungement order.

_____

J.C. McLIN, JUDGE