The PEOPLE of the State of Colorado, Plaintiff–Appellant,

and

Boulder County Sheriff's Office, Appellant,

v.

Matthew Gibson CONNORS, Defendant–Appellee.

No. 09CA0847.

Colorado Court of Appeals, Div. II.

March 18, 2010.

Stanley L. Garnett, District Attorney, Christopher C. Zenisek, Assistant District Attorney, Boulder, Colorado, for Plaintiff–Appellant.

H. Lawrence Hoyt, County Attorney, Andrew R. Macdonald, Assistant County Attorney, Boulder, Colorado, for Appellant.

No Appearance for Defendant–Appellee.

Opinion by Judge GABRIEL.

The People of the State of Colorado and the Boulder County Sheriff's Office (Boulder Sheriff) appeal those portions of the district court magistrate's orders expunging two charges relating to controlled substance possession brought against Matthew Gibson Connors. Because we conclude that the magistrate erred in expunging these charges, we affirm in part, reverse in part, and remand for further proceedings.

## I. Background

Connors was charged with three offenses: (1) Driving with Excessive Alcohol Content—Under 21, pursuant to section 42–4–1301(2)(a.5), C.R.S.2009 (underage drinking and driving or UDD); (2) Possession of a Controlled Substance Outside of Original Container, pursuant to section 18–18–413, C.R.S.2009; and (3) Possession of Marihuana—One Ounce or Less, pursuant to section 18–18–406(1), C.R.S.2009. Subsequently, as part of a plea agreement, Connors pleaded guilty to the UDD charge, and the possession charges were dismissed.

Approximately four years later, Connors filed a verified motion for expungement of his UDD conviction pursuant to section 42–4–1715, C.R.S.2009. Because Connors only requested expungement of the UDD conviction and because he met the statutory requirements for such relief, the People and the Boulder Sheriff did not object to Connors's motion.

The magistrate entered an order expunging "the criminal records information specifically relating to and contained in" agency case number 04–7718 and district court case number 04CR2193, which included not only the UDD charge but also the two possession charges. Shortly thereafter, the Boulder Sheriff filed a motion for reconsideration or clarification, and the People filed a motion for clarification. Both the Boulder Sheriff and the People objected to the expungement of Connors's possession charges.

The magistrate then issued an "Order Clarifying Order to Expunge Pursuant to § 42–4–1715(1)(b)(I)." The magistrate made clear that she had intended to expunge both the UDD charge *and* the possession charges. The magistrate reasoned, "While [section 42–4–1715(1)(b)(I) ] covers only UDD charges, it is not possible to expunge one charge in a criminal case without expunging the other two charges that were dismissed." The magistrate did not explain this statement further.

This appeal ensued.

## II. Discussion

The People and the Boulder Sheriff contend that it was error for the magistrate to expunge the two possession charges pursuant to section 42–4–1715(1)(b)(I), C.R.S.2009. We agree.

Section 42–4–1715(1)(b)(I) provides that "[u]pon application by a person, the court shall expunge all records concerning a conviction of the person for UDD" if certain requirements are met. The People and the Boulder Sheriff do not dispute that the requirements for expungement of the UDD charge were satisfied. Section 42–4–1715(1)(b)(I), however, does not provide for the expungement of other charges, even if brought at the same time or in the same document as the UDD charge. Nonetheless, as noted above, the magistrate expunged the two possession charges, as well as the UDD charge, concluding, without elaboration, that it is not possible to expunge one charge in a criminal case without expunging other charges that were dismissed. In making this determination, the magistrate appears to have misunderstood the nature and scope of her expungement authority under section 42–4–1715(1)(b)(I). Accordingly, we turn now to the meaning of "expunge" under that statute.

### A. Statutory Interpretation

In interpreting statutory language, we must strive to give effect to the legislature's

intent. *Hygiene Fire Protection Dist. v. Board of County Comm'rs*, 205 P.3d 487, 490 (Colo.App.2008), *af'd*, 221 P.3d 1063 (Colo. 2009). In doing so, our starting point is the plain meaning of the language used. *Id.* We should read the statute in such a way as to give effect to every word. *Id.* We also must consider the language used in the context of the statute as a whole, and we must give effect to the ordinary meaning of the language and read the provisions as a whole, construing each consistently and in harmony with the overall statutory design, if possible. *Id.* Interpretations that will render words or phrases superfluous should be rejected. *Id.* Likewise, we must avoid interpretations that produce illogical or absurd results. *People v. Cross*, 127 P.3d 71, 74 (Colo.2006). Only if a statute is reasonably susceptible of more than one meaning may we look to other sources to aid our interpretation. *Hygiene Fire Protection Dist.*, 205 P.3d at 490. Statutory interpretation is a question of law that we review de novo. *Sherritt v. Rocky Mountain Fire Dist.*, 205 P.3d 544, 545 (Colo.App. 2009).

### B. Meaning of "Expunge"

Here, the term "expunge" is not defined in section 42–4–1715(1)(b)(I). When a statute does not define a term but the words used are terms of common usage, we may refer to dictionary definitions to determine the plain and ordinary meanings of those words. *People v. Daniels*, —— P.3d ——, ——, 2009 WL 4680250 (Colo.App. No. 08CA2586, Dec. 10, 2009).

*Black's Law Dictionary* 621 (8th ed.2004) defines "expunge" as "[t]o erase or destroy." It further defines "expungement of record" as "[t]he removal of a conviction (esp. for a first offense) from a person's criminal record." *Id.* Similarly, *Webster's Third New International Dictionary* 803 (2002) defines "expunge" as, among other things, "to strike out, obliterate, or mark for deletion (as a word, line, or sentence)."

These definitions suggest that "expunge" within the meaning of section 42–4–1715(1)(b)(I) may well encompass partial expungement or redaction of documents. Because the statute itself is not wholly clear as

to whether the legislature envisioned the possibility of partial expungement, however, we may look to other aids of statutory construction to assist us. *See Hygiene Fire Protection Dist.*, 205 P.3d at 490.

Consideration of other statutes dealing with the same subject is one type of extrinsic aid that can be useful in deciding questions of statutory interpretation, because the General Assembly is presumed to intend that statutes concerning the same subject be construed consistently and harmoniously. *B.G.'s, Inc. v. Gross*, 23 P.3d 691, 694 (Colo.2001). As pertinent here, the Colorado Children's Code defines "expungement" as "the designation of juvenile delinquency records whereby such records are deemed never to have existed." § 19–1–103(48), C.R.S.2009. Expungement, as the term is used in the Children's Code, is "effectuated by physically sealing or conspicuously indicating on the face of the record or at the beginning of the computerized file of the record that said record has been designated as expunged." § 19–1–306(2)(b), C.R.S. 2009. Although "record" is not defined for purposes of this provision, it is commonly understood to mean, "[a] documentary account of past events" or "[i]nformation that is inscribed on a tangible medium or that, having been stored in an electronic or other medium, is retrievable in perceivable form." *Black's Law Dictionary*, at 1301. Thus, the Children's Code also suggests that "expunge" can mean something short of expunging an entire document, because one could redact specific information in a document and note on the face of the document that the information has been expunged.

Finally, case law from both Colorado and other jurisdictions suggests that expungement of a record does not necessarily require expungement of the entire document containing the information to be expunged. For example, in *Berman v. People*, 41 Colo.App. 488, 489, 589 P.2d 508, 509 (1978), Berman was identified by name in two indictments brought against a third person. Specifically, he was named as an "unindicted co-conspirator" in one indictment, and his name appeared in numerous places in both indictments. *Id.* After the charges against the third person were dismissed, Berman

brought an action seeking to expunge all references to him in the indictments. *Id.* The People moved to dismiss Berman's complaint, and the district court granted their motion. Berman then appealed, and a division of this court reversed, instructing the district court to enter an order expunging all references to Berman in the two indictments, but not the indictments themselves. *Id.*

Similarly, in *Eslick v. State*, 942 S.W.2d 559, 559 (Tenn.Crim.App.1996), the petitioners appealed the denial of their petition to expunge public records concerning certain charges that were resolved in their favor. Petitioners claimed that they had a statutory right to have any dismissed or acquitted charges expunged. *Id.* The district court concluded, however, that the records of those charges were so intertwined with other charges of which they were convicted that expungement "should not occur." *Id.*

The appellate court reversed, stating:

Obviously, some records that relate to several charges, some resulting in convictions and others resulting in acquittals, may be of such a character that it is impractical to redact the part dealing with the dismissed charges. However, the mandatory nature of the expunction statute means that any exception to it must be for cause shown. In this respect, a blanket refusal to expunge any records relating to a dismissed charge is inherently suspect and it is incumbent upon the opponent of expunction to insure that the record justifies less than full redaction of relevant records.

*Id.* at 560.

The court further noted that it had previously ordered the expungement of public records of dismissed counts even though a conviction was obtained on a multi-count indictment. *Id.* The court thus remanded the case to the district court for reconsideration as to whether the records could be redacted so that those portions of the records related to the charges of which the petitioners were acquitted would be expunged while information concerning the offenses of conviction would be preserved. *Id.*

*Pennsylvania State Police v. Rush*, 773 A.2d 1277, 1278 (Pa.Commw.Ct.2001), simi-larly supports the notion of expungement of portions of documents. In that case, the court noted that Rush had filed in a related proceeding a petition to expunge part of his criminal record. *Id.* The court further noted that the court in the related proceeding had granted the petition and ordered the expungement of any reference to a particular misdemeanor offense, as opposed to expungement of the entire criminal record. *Id.*

Each of the foregoing authorities demonstrates that expungement of a record regarding a particular conviction or other information (such as the name of a co-conspirator) does not necessarily entail expungement of the entire record. Rather, these authorities demonstrate that, where possible, it is sufficient to expunge or redact relevant portions of records.

Finally, 18 U.S.C. § 3607(c) is instructive. Like the state statute at issue here, this federal statute provides that people under twenty-one years of age who are convicted and sentenced for certain types of offenses may seek, and the court shall order, expungement if certain conditions are satisfied. *Id.* The statute further provides, as pertinent here, "The expungement order shall direct that there be expunged from all official records ... all references to [the defendant's] arrest for the offense, the institution of criminal proceedings against him, and the results thereof." *Id.* This statute's specification of what information should be expunged demonstrates that Congress recognized the possibility of expunging certain portions of a document without expunging the entire document.

## C. Application

■ Based on our review of the foregoing authorities, we conclude that "expunge," as used in section 42–4–1715(1)(b)(I), does not require expungement of records concerning non-UDD charges when such charges are brought along with the UDD charges. Nor do we agree with the magistrate's blanket statement that "it is not possible to expunge one charge in a criminal case without expunging [other charges] that were dismissed." Indeed, the case law described above shows otherwise. Thus, we hold that "expunge all records concerning a conviction of the person for UDD," as that phrase is

used in section 42–4–1715(1)(b)(I), means to strike out, obliterate, or mark for deletion all references to petitioner's arrest for UDD, the institution and prosecution of UDD charges against petitioner, and petitioner's conviction therefor. Based on this definition and our view that the magistrate proceeded on a misunderstanding of the nature and scope of her authority to order expungement of certain records, we reverse those portions of the orders expunging the possession charges filed against Connors.

■ In our view, to hold otherwise would lead to absurd results. *See Cross,* 127 P.3d at 74 (we must avoid statutory interpretations that produce illogical or absurd results). Specifically, construing section 42–4–1715(1)(b)(I) as the magistrate did here would result in the expungement of the two possession charges, even though, on the facts presented, those charges could not properly have been sealed pursuant to applicable law. *See* § 24–72–308(1)(a)(I), C.R.S.2009 (any person in interest may petition the district court for the sealing of any arrest and criminal records information if (1) the records are a record of official actions involving a criminal offense for which said person in interest was not charged, (2) the case was completely dismissed, or (3) the person in interest was acquitted); *People v. Chamberlin,* 74 P.3d 489, 490 (Colo.App.2003) (where the defendant was convicted on one charge and another charge was dismissed, he was not entitled to have any of the criminal records sealed, because none of the conditions set forth in section 24–72–308(1)(a)(I) was satisfied).

■ Sealing differs from expungement in its legal effect. For example, the statute authorizing sealing of arrest and criminal records other than convictions does not authorize the physical destruction of those records. § 24–72–308(1)(g), C.R.S.2009. Moreover, criminal justice agencies are permitted to access and use sealed records for certain law enforcement purposes. *See, e.g.,* § 24–72–308(3)(d), C.R.S.2009 (exempting from sealing statute arrest and criminal justice information or criminal justice records in the possession and custody of a criminal justice agency when inquiry concerning such information or records is made by another criminal justice agency). And court orders sealing records do not limit the operation of applicable discovery rules. § 24–72–308(3)(b), C.R.S.2009.

■ In contrast, when a record is expunged, it is essentially erased and treated as if it never existed. *See* § 19–1–103(48); *Black's Law Dictionary,* at 621 (defining "expunge"); *Webster's Third New International Dictionary,* at 803 (defining "expunge"). Thus, in general, after expungement, only "basic identification information" contained in the expunged record remains available to law enforcement agencies. *See* § 19–1–306(3), C.R.S.2009.

In light of these distinctions, it would be anomalous to hold that the possession charges were properly expunged, when they could not properly have been sealed under applicable law.

### III. Conclusion

For these reasons, those portions of the magistrate's orders expunging the possession charges are reversed, those portions of her orders expunging the UDD charge are affirmed, and the case is remanded for further proceedings consistent with this opinion.

Judge CASEBOLT and Judge BOORAS concur.