IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 12, 2014

## STATE OF TENNESSEE v. ROGER GORDON BROOKMAN, JR.

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-A-31     Monte Watkins, Judge**

---

**No. M2014-00745-CCA-R3-CD - Filed June 26, 2015**

---

The appellant, Roger Gordon Brookman, Jr., filed a motion in the Davidson County Criminal Court, seeking expunction of dismissed charges. The trial court denied the motion, and the appellant appeals. Upon review, we reverse the judgment of the trial court and remand for expunction of the charges.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Dawn Deaner, District Public Defender; Emma Rae Tennent and Jerrilyn Manning, Assistant Public Defenders, for the appellant, Roger Brookman.

Herbert H. Slatery III, Attorney General & Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

On June 21, 2004, Detective William Kaufman stopped the appellant's vehicle because of an outstanding warrant against the appellant. The appellant was arrested and later confessed to the burglary of forty homes. Thereafter, on January 21, 2005, the Davidson County Grand Jury returned a multi-count indictment against the appellant, charging him with two counts of burglary, sixteen counts of aggravated burglary, three counts of theft of property, and one count of unlawful possession of a weapon during an offense. On July 20,

2005, the appellant pled guilty to six counts of aggravated burglary, for which he received a total effective sentence of eighteen years. Pursuant to the plea agreement, the remaining charges were dismissed.

On January 28, 2014, the appellant filed a motion asking the trial court to expunge the dismissed counts from his record, and a hearing was held. Elaine Ragan, the Division Chief of the Davidson County Criminal Court Clerk's Office, testified that the record of a criminal case consisted of minute entries, dockets, discovery, and reports. Ragan said that the appellant's "official records" and "electronic records" reflected that all but six of the twenty-two charges against him were dismissed.

Ragan said that when an expunction order was entered, the documents relating to the dismissed charges were not destroyed but were "heavily redacted." She asserted that it would require "intensive effort" by her office to "cross-referenc[e] everything" and to ensure that only the information relating to the dismissed counts was redacted. When asked whether all of the counts were "inter-related," Ragan responded, "Yes, or they wouldn't be presented in the same case." Ragan said that after the redactions, the clerk's office would be unable to return the record to the way it was on the day of the appellant's arraignment.

The State argued that the legislature's recent amendments to the expunction statute indicated "that these types of expungements are not favored and not to be granted." The State further argued that ordering expunction would impose a great hardship upon the clerk's office. The State contended that the dismissed counts were "inextricably intertwined" with the counts for which the appellant was convicted and questioned the timing of the appellant's motion. Conversely, defense counsel argued that regardless of when the appellant filed his motion, the statute at the time the appellant was convicted and sentenced was the applicable statute and would have allowed expunction of the dismissed charges. Defense counsel also argued that the charges were inter-related by only "the type of charge and the defendant," explaining:

> I will concede that Counts three and four may be intertwined, because they shared the same victim. But the other counts occurred – they had different victims, they occurred on different dates. Some of them alleged home burglaries. One of them alleged burglaries that – other than [a] habitation. Some of them allege the taking of personal property. So they are . . . not so inextricably intertwined as to prevent the court from granting this request for expungement.

After taking the matter under advisement, the trial court found that the cases were

"impossibly intertwined" and denied the motion. On appeal, the appellant challenges this ruling.

## II. Analysis

Our analysis of this issue must begin with a determination of the applicable expunction statute.[1] When reviewing issues of statutory construction, we conduct a de novo review of the trial court's rulings without any presumption of correctness. See Carter v. Bell, 279 S.W.3d 560, 564 (Tenn. 2009). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use . . . without reference to the broader statutory intent, legislative history, or other sources." Id. Our goal is to "ascertain and give effect to [the] legislative intent without broadening the statute beyond its intended scope." Id. Additionally, "[w]e must presume that the General Assembly is aware of prior enactments and decisions of the courts when enacting legislation." Id. Moreover, we presume that the legislature says what it means and means what it says. State v. Marise, 197 S.W.3d 762, 766 (Tenn. 2006).

The appellant argues that the expunction statute in effect at the time of his conviction and sentencing, which was Tennessee Code Annotated section 40-30-101 (2003), should be applied to his case. The appellant contends that nothing indicates that the legislature intended for the 2012 version of the statute to be applied retroactively and that to do so would violate his constitutional protection against ex post facto laws.

Tennessee Code Annotated section 40-32-101(a)(1) (2003) provides:

> (a)(1) All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

The legislature amended the expunction statute six times between 2006 and 2012. For example, legislation that took effect on May 12, 2006, amended subsection (a) to provide that "[a] person shall not be entitled to the expunction of such person's records in a particular case if the person is convicted of any offense or charge, including a lesser included offense

---

[1]We note that the trial court did not expressly state which version of the statute it was applying.

or charge." Tenn. Code Ann. § 40-32-101(a)(1)(E) (2006).

In 2012, the legislature again amended the statute to provide:

> (A) All public records of a person who has been charged with a misdemeanor or a felony shall, upon petition by that person to the court having jurisdiction in the previous action, be removed and destroyed without cost to the person, if:
>
> (i) The charge has been dismissed . . . .
>
> . . . .
>
> (E) A person is not entitled to the expunction of such person's records if:
>
> . . . .
>
> (ii) The person is charged with multiple offenses or multiple counts in a single indictment and is convicted of:
>
> (*a*) One (1) or more of the charged offenses or counts in the indictment; or
>
> (*b*) An offense relating to the same criminal conduct or episode as one (1) of the offenses charged in the indictment, including a lesser included offense.

Tenn. Code Ann. § 40-32-101(a)(1) (2012). The State maintains that the 2012 amendment should be applied to deny the motion for expunction, contending that the statute indicates the legislature intended for it to apply retroactively.

The State acknowledges that in State v. Hanners, 235 S.W.3d 609 (Tenn. Crim. App. 2007), this court stated that the proper statute to be applied in a case for expunction was the statute in effect at the time of conviction and sentencing. Hanners was indicted in January 2002 for abuse of a child under six years old, a Class D felony. Id. at 610. In September 2002, a jury convicted him of the lesser-included offense of assault, a Class A misdemeanor, and in January 2003, he was sentenced to eleven months and twenty-nine days. Id. Thereafter, Hanners filed a motion for expunction of the child abuse charge, arguing that he had been acquitted of that offense. Id. The trial court denied the motion, finding that

"Tennessee Code Annotated section 40-32-101, as amended May 22, 2003, . . . provided that expungement of records regarding a charged offense was not permissible when a defendant was convicted of a lesser-included offense of the charged offense." Id.

Hanners appealed, and this court acknowledged that "unless the legislature clearly indicates otherwise, statutes are presumed to operate prospectively." Id. at 612. Nevertheless, we observed that remedial or procedural statutes may be applied retroactively in certain cases and that the expunction statute was arguably remedial in nature. Id. at 612-13. This court noted, however, that "applying a statute retroactively in a criminal case may implicate constitutional prohibitions against ex post facto laws, which are forbidden under both the United States and Tennessee Constitutions." Id. at 613. This court ultimately concluded that the 2003 amendment could not be applied in Hanners's case for three reasons. First, this court observed that at the time of Hanners's conviction and sentencing, he was entitled to expunction. Id. at 612 (citing State v. Adler, 92 S.W.3d 397, 402-03 (Tenn. 2002)). Second, we concluded that retroactive application of the amendment impaired Hanners's reasonable expectations based upon the law at the time of his conviction and sentencing. Id. Third, we concluded that to apply retroactively the amended expunction statute violated the constitutional protection against ex post facto laws because, at a minimum, it altered Hanners's situation to his disadvantage by unduly burdening him with the societal stigma attached to a felony. Id. at 613-14. Based upon the foregoing, this court reversed the trial court's ruling and remanded for entry of an order of expunction. Id. at 614.

The State contends that the holding in Hanners was "narrowed to the context of expunction involving a lesser-included offense conviction." However, the reasoning in Hanners, i.e. that retroactive application of the statute would impair the reasonable expectations of the appellant at the time of his conviction and sentencing and would implicate constitutional protections against ex post facto laws by creating a situation disadvantageous to the appellant, holds true as much with dismissed charges as it does when a defendant has been convicted of a lesser-included offense. Accordingly, we find the State's argument unpersuasive.

Next, the State observes that subsection (g) of the 2012 statute specifies that convictions of certain Class E felonies and certain misdemeanors that were committed on or after November 1, 1989, are eligible for expunction. The State argues that "[t]he legislature's specific use of dates in the subsection evidence[s] its intent for the statute's application to be retroactive." The State contends that "[b]ecause a defendant cannot obtain expungement through Tenn. Code Ann. § 40-32-101(g)(1)(A) or Tenn. Code Ann. § 40-32-101(g)(1)(B) without first meeting the criteria of Tenn. Code Ann. § 40-32-101(a)(1), the subsections must be read in conjunction." However, the State has misconstrued subsection (g).

Our supreme court has recognized that "[t]he expungement statute is 'designed to prevent citizens from being unfairly stigmatized' by criminal charges." State v. L.W., 350 S.W.3d 911, 916 (Tenn. 2011) (quoting Adler, 92 S.W.3d at 403). Accordingly, the expunction statute "provided a mechanism for expunging the criminal records of persons whose criminal charges were dismissed, whose charges resulted in acquittal, or who completed a diversion program"; however, it typically "did not permit the expungement of criminal records for a person who was convicted of a crime . . . ." David Scott Blackwell v. Bill Haslam, No. M2012-01991-COA-R3-CV, 2013 WL 3379364, at *13 (Tenn. Crim. App. at Nashville, June 28, 2013), perm. to appeal denied, (Tenn. Oct. 16, 2013). With the addition of subsection (g) in 2012, the legislature permitted an "eligible petitioner" convicted of certain non-violent misdemeanors or felonies, to petition for expunction of their convictions. Id. In other words, subsection (g) applies to an entirely new class of petitioners eligible for expunction of their criminal records, and it should not to be read in conjunction with subsection (a). Therefore, the State's argument is unavailing.

Moreover, we note that Hanners, which proscribed retrospective application of the expunction statute, was issued in 2007. "The legislature is presumed to know the state of existing case law." State v. Powers, 101 S.W.3d 383, 394 (Tenn. 2003). The legislature did not specify in later amendments to the expunction statute that they were to be applied retroactively, despite having the opportunity to do so. See State v. Joshua Shane Hayes, No. M2012-01768-CCA-R3-CD, 2013 WL 3378320, at *7 (Tenn. Crim. App. at Nashville, July 1, 2013). Therefore, we conclude that the proper statute to apply to the appellant's case is the 2003 version that was in effect at the time of his conviction and sentencing.

In the instant case, the trial court denied the motion for expunction on the basis that the appellant committed a series of burglaries and thefts and by accrediting Ragan's testimony that the cases were "impossibly intertwined."

Previously, this court has addressed whether the "intertwined" nature of charges is a basis for denying a motion for expunction. In Eslick v. State, 942 S.W.2d 559, 560 (Tenn. Crim. App. 1996), the defendants, Eslick and Rappuhn, were charged with felony murder, aggravated kidnapping, and aggravated rape; the charges stemmed from a single incident. At trial, they were convicted of aggravated kidnapping. Id. They later filed a motion for expunction of the murder and rape charges. Id. The trial court denied the motion, holding that the charges were "'so entwined . . . that the records . . . cannot be expunged without destroying substantive data affecting the charge for which [the defendants] were convicted . . . .'" Id. On appeal, this court stated:

> Ordinarily, the trial court has no discretion relative to
> expunging public records for charges resulting in a dismissal or

an acquittal. Obviously, some records that relate to several charges, some resulting in convictions and others resulting in acquittals, may be of such a character that it is impractical to redact the part dealing with the dismissed charges. However, the mandatory nature of the expunction statute means that any exception to it must be for cause shown. In this respect, a blanket refusal to expunge any records relating to a dismissed charge is inherently suspect and it is incumbent upon the opponent of expunction to insure that the record justifies less than full redaction of relevant records. In fact, this court has previously ordered the expunction of public records of dismissed counts even though a conviction was obtained for one count in a multi-count indictment, noting that the state could not prohibit expunction by claiming that the records for the dismissed and convicting counts are intertwined when it is in the state's power to decide if multiple charges are to be brought in a single indictment.

Id. at 560 (citations omitted); see also Adler, 92 S.W.2d at 403; State v. Liddle, 929 S.W.2d 415 (Tenn. Crim. App. 1996).

In the instant case, although Ragan testified that redaction would be an extensive process, she essentially conceded that redaction was possible as long as the clerk's office cross-referenced the case numbers corresponding to the dismissed counts. She asserted that the cases must be "inter-related . . . or they wouldn't be presented in the same case." Using that logic, every count presented in a multi-count indictment would be "intertwined" and not subject to expungement under the 2003 version of the expungement statute.[2] However, our supreme court has held that "a conviction for one count in a multi-count indictment or presentment does not preclude expungement of the records relating to a separate count when the criteria of section 40-32-101 have been satisfied."[3] L.W., 350 S.W.3d at 918. Accordingly, we conclude that the trial court erred by denying the motion for expunction.

---

[2]As the State noted, expunction would not be permitted under the 2012 version of the expunction statute.

[3] In L.W., our supreme court dealt with Tennessee Code Annotated section 40-32-101 (2006 and Supp. 2010). 350 S.W.3d at 916.

### III.  Conclusion

Based upon the record and the parties' briefs, we reverse the judgment of the trial court and remand for expunction of the dismissed charges.

_____
NORMA McGEE OGLE, JUDGE