# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 5, 2003 Session

## STATE OF TENNESSEE v. TOMMY G. BENHAM

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 98-C-2234     J. Randall Wyatt, Jr., Judge**

---

### No. M2000-02357-SC-R11-CD - Filed September 2, 2003

---

Tennessee Code Annotated section 40-35-202(a) requires that the State notify the defendant of its intent to seek enhanced punishment. We accepted this cause in order to decide whether the State complied with this statutory mandate. The trial court ruled that the State's response to the defendant's discovery request met the statutory requirement and therefore, permitted the State to seek enhanced punishment outside of Range I. The Court of Criminal Appeals affirmed. On consideration, we conclude that the State did not meet the notice requirement. Accordingly, we reverse the Court of Criminal Appeals and remand this case to the trial court for re-sentencing.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Case Remanded**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Jeffrey A. DeVasher (on appeal) and Jodie A. Bell (at trial), Assistant Public Defenders, Nashville, Tennessee, for the appellant, Tommy G. Benham.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Bledsoe, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

### Opinion

### I. Facts and Procedural History

The defendant, Tommy Benham, attempted to obtain money and cigarettes by robbing two employees at a service station. Benham was apprehended and charged with two counts of attempted aggravated robbery. Prior to trial, he requested discovery. The State's discovery response included the following language:

Pursuant to rule 16(a)(1)(B), Tenn. R. Crim. P., the defendant's (or defendants') prior criminal record is as follows: See attached. State provided defendant's out of county record to defense earlier in court. The defendant, based on his overall record, is a career offender.

Should the defendant testify at trial, the State intends to use the prior criminal record during cross-examination for impeachment and enhancement purposes pursuant to *State v. Morgan*, 541 S.W.2d 385, Tennessee Rules of Evidence, 609 and 405, and T.C.A. § 40-35-202.

In addition, the State attached a computer printout of Benham's criminal record.

Benham was tried by a jury and convicted of two counts of attempted aggravated robbery. Prior to sentencing, Benham filed a motion and memorandum of law requesting that the trial court sentence him as a Range I standard offender because the State failed to file notice of its intent to seek enhanced punishment as required by Tennessee Code Annotated section 40-35-202(a) and Rule 12.3 of the Tennessee Rules of Criminal Procedure. After argument, the trial court ruled that the State had substantially complied with section 40-35-202(a) and that the State could use the defendant's prior convictions to seek enhanced punishment beyond Range I. Accordingly, the State presented the testimony of a deputy clerk concerning Benham's prior convictions. The trial court found Benham to be a Range III persistent offender and imposed concurrent sentences of eleven years for each conviction.

Benham appealed. On appeal, a divided Court of Criminal Appeals affirmed Benham's Range III sentence, holding "while the statute appears to contemplate the filing of a separate notice . . . the notice [given by the State] was sufficiently clear to shift the burden to the defendant to inquire about any ambiguities he perceived."

In dissent, Judge Jerry L. Smith criticized the majority's view and stated that:

[T]he majority's opinion reduces section 40-35-202(a) to a superfluity when the State has complied with Rule 16(a)(1)(B). In other words, compliance by the State with Rule 16(a)(1)(B) will now shift the burden to the defendant to inquire further as to the details of the defendant's prior record and the State's intention at sentencing, even though, as in the instant case, the discovery response does not fully set out all the information required by the section 40-35-202(a).

State v. Benham, No. M2000-02357-CCA-R3-CD, 2002 WL 440266, at *4 (Tenn. Crim. App. Mar. 19, 2002) (J. Smith dissenting). We prefer the dissenting view and therefore, reverse the decision of the Court of Criminal Appeals. This case is remanded to the trial court for re-sentencing consistent with this opinion.

## II. Standard of Review

Construction of statutes and application of the law to the facts are questions of law. State v. Williams, 38 S.W.3d 532, 535 (Tenn. 2001); see also Beare Co. v. Tenn. Dep't of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993). We review questions of law de novo with no presumption as to the correctness of the lower court's conclusions of law. State v. Owens, 20 S.W.3d 634, 637 (Tenn. 2000); State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997).

### III. Analysis

The issue here is whether the State complied with the notice requirement of Tennessee Code Annotated section 40-35-202(a). The State contends that its response to Benham's discovery request included sufficient notice and, thereby, constitutes compliance with the statute. From the record, it appears that the State used its discovery response for two separate purposes:  1) to inform Benham of his prior criminal history; and 2) to notify him of the State's intent to seek an enhanced punishment at sentencing.

Tennessee Rule of Criminal Procedure 16(a)(1)(B), the "discovery" rule, provides:

Defendant's Prior Record.  Upon request of the defendant, the state shall furnish to the defendant such copy of the defendant's prior criminal record, if any, as is within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known, to the district attorney general.

This rule, literally construed, does not relate to sentencing.

We presume that the legislature was aware of Rule 16(a)(1)(B) when it enacted Tennessee Code Annotated section 40-35-202(a) (1997).[1]  That statute provides in pertinent part:

If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea.  Such statement . . . must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the courts of the convictions.

Tenn. Code Ann. § 40-35-202(a).

This statute is a sentencing statute, and it clearly places an affirmative burden on the State to expressly notify the defendant of its intentions regarding sentencing.  It requires no request from

---

[1] See State v. Mixon, 983 S.W.2d 661, 669 (Tenn. 1999) (holding that legislature is presumed to know existing law when enacting a statute).

the defendant.  State v. Adams, 788 S.W.2d 557, 559 (Tenn. 1990).  The purpose of the requirement is to provide the defendant with "fair notice" that he is exposed to something other than standard sentencing.  Id. at 559.  It is intended to facilitate plea-bargaining, to inform plea decisions, and to assist with trial strategy.  Id.

Benham contends that the State failed to comply with the specific requirements of section 40-35-202(a) because it:  1) failed to provide his criminal history with specificity; 2) failed to explicitly refer to a "notice to seek enhanced punishment"; 3) used conditional language that obscured its true intentions at sentencing;[2] and 4) failed to provide notice under separate cover.[3]

We agree with Benham that the State's efforts to comply with Tennessee Code Annotated section 40-35-202(a) were deficient.  In our view, the State's casual allusion to the notice statute in its response to a Rule 16(a)(1)(B) request amounted to an "empty notice" because it did not include all the information required by section 40-35-202(a).

By statute, a statement by the district attorney general notifying a defendant of an intention to seek enhanced punishment must set forth the following three items:

1.      the nature of the convictions;
2.      the dates of the convictions; and
3.      the identity of the courts of the convictions.

Tenn. Code Ann. § 40-35-202(a) (1997).  In this case, the State, in its discovery response pursuant to Tennessee Rule of Criminal Procedure 16(a)(1)(B), stated that "[t]he defendant, based on his overall record, is a career offender."  The State then attached to the discovery response a photostatic copy of the defendant's record of criminal offenses.  The record contains the charges, the identity of the courts in which the convictions occurred, and the dates of disposition.  Missing, however, is any indication of the nature of the prior felony convictions.  Under these circumstances, we hold that the Court of Criminal Appeals erred when it affirmed the trial court's finding that the state had substantially complied with Tennessee Code Annotated section 40-35-202(a).

Although the Court of Criminal Appeals stated that Tennessee Code Annotated section 40-35-202(a) appears to contemplate the filing of a separate notice, it commented that "[t]o mandate the filing of a separate document would place form over substance."  We agree.  We note, however, that the practice of "embedding" information inside an unrelated document is problematic.  Surely, the filing of separate documents properly captioned is to be preferred.

---

[2] The State's citation to section 40-35-202(a) appears to be conditioned upon Benham testifying at trial, i.e., "Should the defendant testify at trial . . . ."

[3] The State provided the information under the heading of "STATE'S RESPONSE TO REQUEST FOR DISCOVERY."

## IV. Conclusion

For the foregoing reasons, we reverse the judgment of the Court of Criminal Appeals and remand this case to the trial court for re-sentencing consistent with this opinion. Costs of this appeal are taxed to the appellee, the State of Tennessee, for which execution may issue, if necessary.

_____

ADOLPHO A. BIRCH, JR., JUSTICE