IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 2004 Session

**STATE OF TENNESSEE v. TONYA JENNINGS**

**Appeal from the Criminal Court for Davidson County
No. 2001-I-765     Steve R. Dozier, Judge**

---

**No. M2002-01190-SC-R11-CD - Filed March 11, 2004**

---

In a bench trial, the defendant was found not guilty by reason of insanity of the charge of stalking.  Following her release from judicial hospitalization, she moved to have her public records in this case expunged under Tennessee Code Annotated section 40-32-101(a)(1). Because the pertinent statutory language only provides for expungement upon "a verdict of not guilty returned by a jury," we find that the defendant is not entitled to expungement and affirm the judgment of the Court of Criminal Appeals.

**Appeal pursuant to Tenn. Code Ann. § 27-8-101; Judgment of the Court of Criminal Appeals Affirmed**

WILLIAM M. BARKER, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and JANICE M. HOLDER, JJ. joined.

William J. Steed, Assistant Public Defender (on appeal) and Laura Dykes, Deputy Public Defender (at trial), Nashville, Tennessee, for the appellant, Tonya M. Jennings.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Elizabeth T. Ryan, Senior Counsel; Gigi Braun, Assistant District Attorney General; Pamela Anderson, Assistant Attorney General; Jon P. Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

# FACTUAL BACKGROUND

The defendant agreed to be tried on a prosecutor's information for the offense of stalking. She was accused of stalking another woman. On August 29, 2001, the defendant waived her right to a jury and was tried in a bench trial before Judge Steve R. Dozier, who found her "not guilty by reason of insanity." Immediately following the trial, the court ordered a mental examination pursuant to Tennessee Code Annotated section 33-7-303(a). The defendant was admitted to Middle Tennessee Mental Health Institute ("MTMHI") the next day. After an evaluation by MTMHI, on October 24, 2001, it was determined that the defendant met the standard for judicial hospitalization. Accordingly, on November 29, 2001, the trial court ordered her hospitalization pursuant to Tennessee Code Annotated section 33-7-303(c).

On January 30, 2002, MTMHI reported to the trial court by written correspondence that the defendant no longer met the standard for judicial hospitalization and that she would be released. She was discharged on March 1, 2002. On April 10, 2002, the defendant filed a "Motion to Remove and Destroy all Public Records Pertaining to the Offense of Stalking." Following argument, the trial court denied the motion, holding that the scope of the expungement statute, Tennessee Code Annotated section 40-32-101, did not encompass a finding of not guilty rendered in a bench trial.

The Court of Criminal Appeals affirmed the judgment of the trial court for a different reason. The intermediate court noted that the expungement statute expressly requires expungement in cases terminated by a jury verdict of not guilty. Although the statute does not specifically address the situation where a case was tried before a judge alone, the court found no practical difference in a not guilty verdict after a bench trial and a not guilty verdict returned by a jury. Therefore, the court concluded that a not guilty verdict rendered after a bench trial should also be subject to expungement. However, the court found that a verdict of "not guilty by reason of insanity" was distinguishable from a "not guilty" verdict and was not a record which could be expunged under Tennessee Code Annotated section 40-32-101.

The defendant filed an application for permission to appeal in this Court, and we granted her application.[1]

# STANDARD OF REVIEW

---

[1]The defendant does not have an appeal as of right from the denial of the expungement order. However, as we held in State v. Adler, 92 S.W.3d 397 (Tenn. 2002), because there is no remedy for an erroneous grant or denial of an expungement order, the common law writ of certiorari is available as a method of seeking review of such an error. 92 S.W.3d at 401. We treat the defendant's "appeal" as a petition for writ of certiorari under Tennessee Code Annotated section 27-8-101.

Construction of statutes and application of the law to the facts of a case are questions of law. State v. Benham, 113 S.W.3d 702, 704 (Tenn. 2003); Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000); Beare Co. v. Tenn. Dep't of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993). Thus, the appellate standard of review is de novo without any presumption of correctness given to the lower courts' conclusions of law. Green v. Moore, 101 S.W.3d 415, 418 (Tenn. 2003); Lavin v. Jordan, 16 S.W.3d 362, 364 (Tenn. 2000); Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993).

**ANALYSIS**

The defendant argues that the trial court erred in denying her motion to expunge all public records relating to this case. Specifically, she contends that under Tennessee Code Annotated section 40-32-101 she was entitled to expungement because she was found not guilty by reason of insanity.

Tennessee Code Annotated section 40-32-101(a)(1) (Supp. 2001) provides:

> All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or *a verdict of not guilty returned by a jury* or a conviction which has by appeal been reversed, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

(Emphasis added.)

"It is the duty of the Court to enforce [the] law as it is found upon the statute-book . . . ." Scheibler v. Mundinger, 9 S.W. 33, 39 (Tenn. 1888); see also Gleaves v. Checker Cab Transit Corp., 15 S.W.3d 799, 803 (Tenn. 2000) ("[C]ourts must 'presume that the legislature says in a statute what it means and means in a statute what it says there,'" and "[a]ccordingly, courts must construe a statute as it is written.") (quoting BellSouth Telecomms., Inc. v. Greer, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997)); Jackson v. Jackson, 210 S.W.2d 332, 342 (Tenn. 1948) (stating that the Supreme Court is to construe legislative acts as they are written, not as the court might write them). Courts are to interpret statutes by looking to the plain language and giving effect to the ordinary meaning of the words. Riggs v. Burson, 941 S.W.2d 44, 54 (Tenn. 1997); Cohen v. Cohen, 937 S.W.2d 823, 827 (Tenn. 1996); Miller v. Childress, 21 Tenn. 320, 321-22 (1841) ("Where a statute is plain and explicit in its meaning, and its enactment within the legislative competency, the duty of the courts is simple and obvious, namely, to say *sic lex scripta*, and obey it."). Our duty is "to ascertain and carry out the legislature's intent without unduly restricting or expanding a statute's coverage beyond its intended scope." Lavin v. Jordan, 16 S.W.3d 362, 365 (Tenn. 2000) (citing Premium Fin. Corp. of Am. v. Crump Ins. Servs. of Memphis, Inc., 978

3

S.W.2d 91, 93 (Tenn. 1998)); see also Moto-Pep, Inc. v. McGoldrick, 303 S.W.2d 326, 330 (Tenn. 1957) ("The authorities are well nigh universal in holding that the words of a statute are to be taken in their natural and ordinary sense, without any forced or subtle construction to limit or extend their import."). We presume that the General Assembly deliberately used each word in a statute and that the use of each word conveys a specific purpose and meaning. Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000); Crowe v. Ferguson, 814 S.W.2d 721, 723 (Tenn. 1991). We therefore "must give effect to every word, phrase, clause, and sentence in constructing a statute." Cohen v. Cohen, 937 S.W.2d 823, 828 (Tenn. 1996). Only if the plain language of a statute is ambiguous must the Court look beyond the statutory language to determine the legislature's intent. See Perrin v. Gaylord Entm't Co., 120 S.W.3d 823, 826 (Tenn. 2003); Lavin v. Jordon, 16 S.W.3d 362, 366 (Tenn. 2000). When the statutory language is unambiguous and clear, however, we have no need to resort to auxiliary rules of construction, and we will simply enforce the statute as written. State v. Goodman, 90 S.W.3d 557, 564 (Tenn. 2002); State v. Jackson, 60 S.W.3d 738, 742 (Tenn. 2001); see also State v. Adler, 92 S.W.3d 397, 400 (Tenn. 2002) ("[W]here a statute is without contradiction or ambiguity, there is no need to force its interpretation or construction.") (quoting Hill v. City of Germantown, 31 S.W.3d 234, 237-38 (Tenn. 2000)).

The language of Tennessee Code Annotated section 40-32-101 could not be clearer. The pertinent part requires the defendant to have been found not guilty by a jury to qualify for expungement. The defendant, therefore, is not entitled to expungement for two reasons. First, the defendant received a verdict of not guilty by reason of insanity, rather than a verdict of not guilty. As the Court of Criminal Appeals stated, a verdict of "not guilty by reason of insanity" is distinctly different from a verdict of "not guilty." In determining that a verdict of "not guilty by reason of insanity" did not equate to a "not guilty" verdict under the expungement statute, the court reasoned:

> As the Defendant recognizes in her brief, there are differences between a verdict of not guilty and a verdict of not guilty by reason of insanity. A verdict of not guilty by reason of insanity is based on Tennessee Code Annotated § 39-11-501(a), which provides, "It is an affirmative defense to prosecution that, at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature or wrongfulness of such defendant's acts."

> A verdict of not guilty by reason of insanity, while functioning as an acquittal, is a verdict indicating that a defendant cannot be held criminally responsible for his or her conduct because he or she was unable to appreciate the nature or wrongfulness of his or her conduct due to severe mental disease or defect. Such a verdict does not indicate that a defendant did not engage in the criminal conduct. A verdict of not guilty means that the prosecution failed to prove beyond a reasonable doubt that a defendant engaged in the criminal conduct. This difference is significant. Additionally, a verdict of not guilty by reason of insanity does not necessarily end the

4

legal proceedings in a case. Tennessee Code Annotated § 33-7-303 provides for further proceedings including detention and mental health treatment, in cases involving verdicts of not guilty by reason of insanity.

Second, the defendant's verdict was rendered by a judge, not a jury. Whether there is a practical difference between a not guilty verdict returned by a jury and one rendered by a judge is irrelevant; the plain language of the statute speaks only of "a verdict of not guilty returned by a jury." The defendant does not meet this clear criterion set forth by the legislature.

The defendant's argument that a verdict of not guilty by reason of insanity rendered after a bench trial should qualify for expungement may have merit, but such an argument is suited for the General Assembly, not the Court. See Limbaugh v. Coffee Med. Ctr., 59 S.W.3d 73, 83 (Tenn. 2001) ("Courts are not authorized to alter or amend a statute . . . ."); In re Swanson, 2 S.W.3d 180, 187 (Tenn. 1999) (noting that "it is the prerogative of the legislature, and not the courts, to amend statutes"); Manahan v. State, 219 S.W.2d 900, 901 (Tenn. 1949) (stating that amendment of statutes is a matter for the legislature rather than the Court). As the trial court aptly observed:

> The Court is of the opinion that the legislature was specific in drafting this statute and setting forth the precise dispositions for which expungement would be available. Granting an expungement in this case would be a violation of separation of powers by enlarging the scope of the statute beyond the clear and ordinary language contained therein . . . . Notwithstanding the fact the Court is sympathetic to the defendant's position, the legislature is the more appropriate forum for relief in situations like the one presented here.

We therefore conclude that Tennessee Code Annotated section 40-32-101 is unambiguous and clear on its face, and applying the plain meaning of the statutory language, we hold that the defendant is not entitled to have her public records in this case expunged because she did not receive "a verdict of not guilty" that was "returned by a jury."

**CONCLUSION**

For the reasons stated herein, we affirm the judgment of the Court of Criminal Appeals denying the defendant's motion.

Because it appears to the Court that the defendant, Tonya M. Jennings, is indigent, costs of the appeal will be paid by the State of Tennessee.

5

_____
**WILLIAM M. BARKER, JUSTICE**