# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 13, 2010 Session

## STATE OF TENNESSEE v. GARY VINCENT ELMORE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-C-2022    Cheryl Blackburn, Judge**

---

**No. M2008-00076-CCA-R3-CD - Filed May 13, 2010**

---

The Davidson County Grand Jury indicted Appellant, Gary Vincent Elmore, for one count of statutory rape. Appellant entered a best interest plea to the offense as charged with the provision that he would serve a sentence of one year on probation and that the trial court would hold a hearing to consider his eligibility for judicial diversion. At the hearing, Appellant testified that he had previously been convicted of driving under the influence ("DUI") in Kentucky. His testimony was the only evidence regarding this conviction. Appellant argued that the DUI conviction would be considered a Class C misdemeanor, while the State argued that it should be considered a Class A misdemeanor. A previous Class A misdemeanor would disqualify Appellant from being eligible for judicial diversion. At the conclusion of the hearing, the trial court determined that he was not eligible for judicial diversion because the prior DUI conviction from Kentucky would be considered a Class A misdemeanor in Tennessee. Appellant now appeals the trial court's denial of judicial diversion. We conclude that Appellant's testimony regarding the prior DUI conviction was sufficient proof and that the trial court correctly based its determination of the classification of the Kentucky offense on the elements of the offense as opposed to the accompanying sentence. Therefore, we affirm the trial court's denial of judicial diversion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Rob McKinney, Nashville, Tennessee, for the appellant, Gary Vincent Elmore.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Matthew Pietsch, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant was a member of an adult-only subscription social internet website. Through his participation in the website he became acquainted with the victim. They exchanged e-mails and eventually met in person. The victim was fourteen years old at the time of their friendship. As a result of this relationship, the Davidson County Grand Jury indicted Appellant for one count of statutory rape. On August 4, 2008, Appellant entered a best-interest plea to one count of statutory rape. Pursuant to the plea agreement, Appellant was placed on probation for one year. The agreement also provided that the trial court would hold a hearing to determine whether Appellant was eligible for judicial diversion under Tennessee Code Annotated section 40-35-313.

The trial court held the hearing on November 7 and 25, 2008. At the conclusion of the hearing the trial court denied diversion because Appellant had a previous conviction for DUI in Kentucky. Appellant filed a timely notice of appeal.

## ANALYSIS

Judicial diversion is similar to pretrial diversion. However, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion is initiated by the trial court, not the prosecutor. *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn. Crim. App. 1992). Judicial diversion allows a defendant who is judged guilty to, "upon successful completion of a diversion program, receive an expungement from all 'official records' any recordation relating to 'arrest, indictment or information, trial, finding of guilty, and dismissal and discharge' pursuant to the diversion statute." *State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999) (quoting T.C.A. § 40-35-313(b)). "The effect of discharge and dismissal under the diversion statute 'is to restore the person . . . to the status the person occupied before such arrest or indictment or information.'" *Id.* (quoting T.C.A. § 40-35-313(b)). A final disposition of the case does not occur until either the defendant successfully completes the diversion program or violates a condition of his release. *State v. Teresa Dockery*, No. E2001-01493-CCA-R3-CD, 2002 WL 1042187, at *2 (Tenn. Crim. App., at Knoxville, May 23, 2002), *perm. app. denied*, (Tenn. Nov. 4, 2002); *State v. Glenna Kidd*, No. 01C01-9808-CR-00344, 1999 WL 298309, at *1 (Tenn. Crim. App., at Nashville, May 13, 1999). Judicial diversion may be ordered only with the consent of a "qualified defendant." T.C.A. § 40-35-313(a)(1)(A). Tennessee Code Annotated section 40-35-313 states that a defendant must meet the following requirements to be eligible for judicial diversion:

A qualified defendant is one who:

(a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;

(b) Is not seeking deferral of further proceedings for a sexual offense or a Class A or Class B felony; and

(c) Has not previously been convicted of a felony or a Class A misdemeanor.

T.C.A. § 40-35-313(a)(1)(B)(i)(a), (b), & (c). Statutory rape is not one of the sexual offenses enumerated in the statute that disqualifies a defendant for judicial diversion. T.C.A. § 40-35-313(a)(1)(B)(ii).

Abuse of discretion is the proper standard upon which to review the denial of an application for judicial diversion. *State v. Paul David Cable*, No. 03C01-9409-CR-00349, 1995 WL 328796, at *2-3 (Tenn. Crim. App., at Knoxville, June 1, 1995). When a defendant contends that the trial court committed error in refusing to grant judicial diversion, we must determine whether the trial court abused its discretion by denying the defendant's request for judicial diversion. *State v. Cutshaw*, 967 S.W.2d 332, 344 (Tenn. Crim. App. 1997). In other words, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. *Id.*; *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

The criteria that the trial court must consider in determining whether a qualified defendant should be granted judicial diversion are similar to those considered by the prosecutor in determining suitability for pretrial diversion and includes the following: "(1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) the deterrence value to the defendant and others." *Parker*, 932 S.W.2d at 958; *see also Cutshaw*, 967 S.W.2d at 343-44. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as of the defendant. *See Parker*, 932 S.W.2d at 958; *Cutshaw*, 967 S.W.2d at 344; *State v. Bonestel*, 871 S.W.2d 163, 168 (Tenn. Crim. App. 1993), *overruled on other grounds by State v. Hooper*, 29 S.W.3d 1, 9-10 (Tenn. 2000).

Appellant argues that the trial court erred in denying his request for judicial diversion because the State failed to supply an official record of Appellant's prior DUI conviction in Kentucky and thus the evidence is insufficient to support the determination that there was a conviction and the Kentucky DUI conviction should be considered a Class C misdemeanor based upon the punishment proscribed as opposed to a Class A misdemeanor based upon the elements of the Kentucky offense.

**Evidence of Kentucky DUI Conviction**

We first address Appellant's argument that there was not sufficient proof of Appellant's prior DUI conviction to support his disqualification from judicial diversion. The State was unable to produce an official record of Appellant's prior conviction for DUI. The State contacted the authorities in Kentucky but was informed that the agency in question did not have the records from the year of the conviction. Appellant testified at the hearing regarding the conviction. He testified

that he was arrested for DUI and spent the night in jail. He also stated that he pled guilty to the offense, paid a fine, and had his driver's license suspended for at least six months.

This Court addressed a similar situation in *State v. Wanda Killian*, No. 03C01-9711-CC-00513, 1999 WL 2835 (Tenn. Crim. App., at Knoxville, Jan. 6, 1999), *perm. app. denied*, (Tenn. Jun. 14, 1999). In *Wanda Killian*, the defendant was denied judicial diversion based upon a prior conviction for passing a worthless check, a Class A misdemeanor. *Id.* at *1. As in the case at hand, the sole evidence of the conviction was the defendant's testimony. The previous conviction was not proven by an official record from the county of conviction. We stated, "Based on the defendant's testimony, the trial court could reasonably conclude the defendant was convicted of a Class A misdemeanor . . . ."

Based on this prior decision of our Court, we conclude that Appellant's testimony of his prior DUI conviction was sufficient evidence to support the trial court's finding of a prior conviction.

## Classification of Kentucky DUI Offense

As stated above, if the defendant has a previous conviction of a felony or Class A misdemeanor he is ineligible for judicial diversion. At the hearing, Appellant testified that he had been convicted of DUI in 1983 in Kentucky. Appellant's attorney asserted that the conviction constituted a Class C misdemeanor based upon the punishment for DUI in Kentucky. The State argued that the elements of the Kentucky statute and the Tennessee statute are substantially similar and, therefore, the Kentucky DUI conviction should be considered a Class A misdemeanor. The trial court determined that the Kentucky DUI conviction should be considered a Class A misdemeanor for purposes of Tennessee Code Annotated section 40-35-313.

Appellant does not argue that the elements of the Kentucky and Tennessee statutes are not similar.[1] Instead, Appellant argues that the determination of whether the Kentucky DUI conviction should be a Class A misdemeanor or Class C misdemeanor should be based upon the punishment accompanying the conviction rather than the elements of the offense. There is no issue presented as to whether the two offenses have the same elements. Therefore, the question we must answer is

---

[1] Appellant does not cite to the Kentucky DUI statute in his brief. The State points us to Kentucky Revised Statute 189A.010 which states that "No person shall operate a motor vehicle anywhere in this state while under the influence of alcohol or any other substance which may impair one's driving ability." KRS 189A.010(1) (1985). The accompanying punishment for a first offense is imprisonment in the county jail for no less that forty-eight hours but no more than thirty days and a fine of atleast $200, but not more than $500. KRS 189A.010(2)(a) (1985). The earliest available version of the Kentucky DUI statute that is available on Westlaw is from the 1985 Statutory Compilation and states that it is effective as of July 13, 1984. In *Commonwealth v. Ball*, 691 S.W.2d 207 (Ky. 1985), the Supreme Court of Kentucky specifically stated that Kentucky Revised Statute 189A.010 as enacted effective July 13, 1984 did not create a new crime of DUI, but merely enhanced the punishment for DUI. 691 S.W.2d at 208-09. Therefore, we conclude that the elements of DUI in the 1985 statute were the same at the time Appellant was arrested.

whether the trial court erred in relying on the elements of the offenses as opposed to the punishment for the offenses to determine the degree of the offense.

Unfortunately, Tennessee Code Annotated section 40-35-313 does not address how the courts should determine if out-of-state convictions are to be considered felonies or Class A misdemeanors. Therefore, we must turn to other sections of our statutes for guidance in interpreting the provisions of Tennessee Code Annotated section 40-35-313. In *State v. McGouey*, 229 S.W.3d 668 (Tenn. 2007), our supreme court set out the principles of statutory construction and the standard of review on appeal:

> Provisions of the criminal code should be "construed according to the fair import of their terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives of the criminal code." Tenn. Code Ann. § 39-11-104 (2003). The role of this Court in construing statutes "is to give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000) (citing *State v. Butler*, 980 S.W.2d 359, 362 (Tenn. 1998)). The construction of statutes and application of the law to the facts of a case are questions of law. *State v. Benham*, 113 S.W.3d 702, 704 (Tenn. 2003). As such, the appellate standard of review is de novo without any presumption of correctness given to the lower courts' conclusions of law. *State v. Jennings*, 130 S.W.3d 43, 45 (Tenn. 2004).

229 S.W.3d at 672.

Another section of the criminal code where prior out-of-state convictions are often addressed is in determining a defendant's range of punishment for sentencing purposes. When determining the appropriate range of punishment, our statutes require that "[p]rior convictions include convictions under the laws of any other state, government, or country which, if committed in this state, would have constituted an offense cognizable by the laws of this state." T.C.A. §§ 40-35-106(b)(5), -107(b)(5), -108(b)(5). When the out-of-state conviction is not a named offense in Tennessee, according to our statutes, "the elements of the offense shall govern to determine what classification the offense is given." *Id.* This same definition of prior conviction with regard to out-of-state convictions is included in Tennessee Code Annotated section 40-35-121, which provides for enhanced punishment for criminal gang offenses. T.C.A. § 40-35-121(a)(4)(B)(ii). The judicial diversion provisions are included at Tennessee Code Annotated section 40-35-313. Those provisions are in the same title and chapter of the code in which we find the above referenced sentencing provisions. For these reasons, we conclude that the same definition and analysis must apply to out-of-state convictions when determining the classification of the offense.

We have applied this analysis when determining the classification of prior out-of-state convictions on several occasions. In fact, we have specifically stated, "The length of sentence a

defendant receives for an out-of-state conviction, however, is not determinative of what grade of felony the out-of-state offense might be assigned under Tennessee laws . . . ." *State v. Jasper L. Vick*, No. W20005-00467-CCA-R3-Cd, 2006 WL 722173, at *10 (Tenn. Crim. App., at Jackson, Mar. 22, 2006).

Therefore, the trial court correctly determined the classification of Appellant's prior conviction for DUI by relying on the elements of the DUI offense as opposed to the punishment required. Under the law of this State, Appellant's Kentucky DUI conviction would be considered a Class A misdemeanor, and for this reason, Appellant is not eligible for judicial diversion.

## CONCLUSION

For the forgoing reasons, we affirm the trial court's denial of judicial diversion.


_____
JERRY L. SMITH, JUDGE