IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 19, 2012

## STATE OF TENNESSEE v. LARRY THOMAS JOHNSON

**Appeal from the Circuit Court for Bedford County**
**No. 17064     Robert Crigler, Judge**

_____

**No. M2010-00212-CCA-R3-CD - Filed February 8, 2012**

_____

The defendant, Larry Thomas Johnson, appeals his Bedford County Circuit Court guilty-pleaded convictions of the sale of .5 grams or more of cocaine and possession with the intent to sell .5 grams or more of cocaine, claiming that the trial court erred by imposing a Range II sentence in the absence of any notice from the State that it would seek enhanced punishment. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

James O. Martin, III, Nashville, Tennessee (on appeal); and Andrew Jackson Dearing, III, District Public Defender; and Michael J. Collins, Assistant District Public Defender (at trial), for the appellant, Larry Thomas Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 18, 2010, the defendant pleaded guilty as charged to one count of the sale of .5 grams or more of cocaine, one count of the delivery of .5 grams or more of cocaine, one count of the possession with intent to sell .5 grams or more of cocaine, and one count of the possession with intent to deliver .5 grams or more of cocaine. The trial court merged the conviction of the delivery of cocaine with the conviction of the sale of cocaine and the conviction of possession with intent to sell cocaine with the conviction of possession

with intent to deliver cocaine. According to the stipulation of facts provided by the State during the plea colloquy, the defendant's convictions for sale and delivery of cocaine involved the October 28, 2009 controlled purchase of .7 grams of cocaine by a confidential informant from the defendant. His convictions for possession of cocaine with intent to sell or deliver were the result of officers' finding 14.4 grams of cocaine at the defendant's residence during the execution of a search warrant. Following his arrest, the defendant admitted that he had been selling cocaine from his residence.

The trial court advised the defendant that the Class B felony convictions exposed him to a sentence ranging between eight and 30 years and that his "actual sentence . . . would depend upon the number of prior felony convictions" on his record. No mention was made of the defendant's appropriate sentencing range.

At the January 10, 2011 sentencing hearing, the prosecutor moved to amend the presentence report to reflect that, contrary to information in the report, the defendant's three prior felony convictions did not have the same offense date. The defendant refused to agree to the amendment "considering that it changes the range." The State then presented the testimony of the preparer of the presentence report, Laura Prosser, who stated that upon the State's request, she confirmed via the Rutherford County Circuit Court Clerk that the three convictions at issue did not share the same offense date. The defendant presented no proof at the sentencing hearing. The trial court imposed Range II sentences of 17 years for each of the merged convictions and ordered them to be served concurrently, for a total effective sentence of 17 years' incarceration.

In this appeal, the defendant contends that the trial court erred by imposing a Range II sentence because the State failed to file notice that it intended to seek enhanced punishment as required by Tennessee Code Annotated section 40-35-202. The defendant does not contend that he does not have the requisite number of prior convictions to qualify as a Range II offender or that the sentence imposed is otherwise infirm. The State asserts that the defendant waived the filing of notice.

When considering challenges to the length and manner of service of a sentence this court conducts a de novo review with a presumption that the determinations of the trial court are correct. T.C.A. § 40-35-401(d) (2006). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party, in this case the defendant, bears the burden of establishing impropriety in the sentence. T.C.A. § 40-35-401, Sentencing Comm'n Comments; *see also Ashby*, 823 S.W.2d at 169. If our review of the sentence establishes that the trial court gave "due consideration and proper weight to the factors and principles which

are relevant to sentencing under the Act, and that the trial court's findings of fact . . . are adequately supported in the record, then we may not disturb the sentence even if we would have preferred a different result." *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In the event the record fails to demonstrate the required consideration by the trial court, appellate review of the sentence is purely de novo. *Ashby*, 823 S.W.2d at 169.

> In making its sentencing decision, the trial court was required to consider:
>
> (1) The evidence, if any, received at the trial and the sentencing hearing;
> (2) The presentence report;
> (3) The principles of sentencing and arguments as to sentencing alternatives;
> (4) The nature and characteristics of the criminal conduct involved;
> (5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
> (6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
> (7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court should also consider "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." *Id.* § 40-35-103(5).

> Code section 40-35-202 provides:
>
> If the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea; provided, that notice may be waived by the defendant in writing with the consent of the district attorney general and the court accepting the plea. The statement, which shall not be made known to the jury determining the guilt or innocence of the defendant on the primary offense, must set forth the nature of the prior felony convictions, the dates of the convictions and the identity of the

courts of the convictions. The original or certified copy of the court record of any prior felony conviction, bearing the same name as that by which the defendant is charged in the primary offense, is prima facie evidence that the defendant named in the record is the same as the defendant before the court, and is prima facie evidence of the facts set out in the record.

T.C.A. § 40-35-202(a). "The purpose of the requirement is to provide the defendant with 'fair notice' that he is exposed to something other than standard sentencing. It is intended to facilitate plea-bargaining, to inform plea decisions, and to assist with trial strategy." *State v. Benham*, 113 S.W.3d 702, 705 (Tenn. 2003) (quoting *State v. Adams*, 788 S.W.2d 557, 559 (Tenn. 1990)). "[T]he notice provision of Tenn. Code Ann. § 40-35-202(a) requires, at a minimum, that the State file: (1) written notice, (2) clearly expressing the State's intention to seek sentencing outside of the standard offender range, (3) setting forth the nature of the prior felony conviction, the dates of the convictions, and the identity of the courts of the convictions." *State v. Livingston*, 197 S.W.3d 710, 713-14 (Tenn. 2006) (footnote omitted). "Failure to file any notice to seek enhanced sentencing pursuant to Tennessee Code Annotated section 40-35-202(a) is grounds for re-sentencing as a Range I offender." *State v. Cooper*, 321 S.W.3d 501, 507 (Tenn. 2010) (citing *State v. Pender*, 687 S.W.2d 714, 719-20 (Tenn. Crim. App. 1984)).

The statute provides, however, that the defendant may waive the filing of written notice in writing with the consent of the State and the trial court. In this case, the written petition to enter a plea of guilty signed by the defendant prior to the entry of his guilty plea contains the following provision:

12. My attorney has explained enhanced sentencing to me, and I understand that if I am presently eligible for enhanced sentencing, I have a statutory right to a delay of ten (10) days after the State files a notice of intent to seek enhanced punishment before the Court accepts my plea of "GUILTY". I hereby acknowledge that I am subject to enhanced sentencing as a multiple, persistent and/or career criminal, and give up my right to the filing of such notice and/or some or all of the ten (10) day waiting period before conviction.

Despite the generic language of the provision, it is in writing, signed by the defendant, and, in our view, sufficient to waive the filing of notice seeking enhanced punishment. Consequently, the State's failure to file notice seeking enhanced punishment in this case did not prevent the trial court from imposing a valid Range II sentence.

-4-

Accordingly, the judgment of the trial court is affirmed.


_____
JAMES CURWOOD WITT, JR., JUDGE