IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 29, 2020

## STATE OF TENNESSEE v. JACOB BROWN, II

**Appeal from the Criminal Court for Knox County**
**No. 115548    Steven W. Sword, Judge**

---

### No. E2019-01462-CCA-R3-CD

---

The defendant, Jacob Brown, II, appeals the Knox County Criminal Court's order setting aside an expunction order. As conceded by the State, the trial court lacked jurisdiction to set aside the order, and we vacate the trial court's judgment.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Vacated**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Nancyjane B. Sharp, Knoxville, Tennessee for the appellant, Jacob Brown, II.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Charme P. Allen, District Attorney General; and Samyah G. Jurban, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 29, 2018, the defendant was found not guilty of several offenses by reason of insanity. On October 17, 2018, the trial court issued an order of expunction as agreed to by the defendant and the State. On May 22, 2019, the State moved to readdress the prior order of expunction, urging the court to "reconsider previous actions mistakenly taken" and to "reconsider matters that may affect the State's public databases." The trial court appointed counsel to the defendant. On July 18, 2019, the trial court ordered that the prior expunction order be set aside, concluding that "the order for expungement was not a valid or legal order." [1] Specifically, the court found that because the defendant had been

---

[1]    The courts of this state have used the terms expungement and expunction interchangeably as the nominalization of the verb expunge. The verb expunge comes from the Latin word expungere which means "'prick out, blot out, mark (a name on a list) for deletion' by pricking dots above or below it, literally 'prick

found not guilty by reason of insanity, the court lacked jurisdiction to enter an expunction order, and, consequently, the order was void. The trial court ordered the Knox County Criminal Court Clerk's Office "to reconstruct the public record to the extent possible from the retained records of the Tennessee Bureau of Investigation," including "at a minimum the original indictment and judgment of" not guilty by reason of insanity.

In this timely appeal, the defendant argues that the trial court lacked jurisdiction to hear the State's motion and set aside the prior expunction order. The State concedes that the trial court lacked jurisdiction and that the judgment should be vacated.

Whether the trial court had jurisdiction to entertain the State's motion to re-consider the October 2017 expunction order is a question of law, which we review de novo. *See State v. Allen*, 593 S.W.3d 145, 153 (Tenn. 2020) (citations omitted); *State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003).

Our legislature has granted jurisdiction over petitions for expunction to "the court in which the petitioner was convicted of the offense sought to be expunged." T.C.A. § 40-32-101(g)(3). An order of expunction "becomes final thirty days after its entry, unless a timely notice of appeal or appropriate post-trial motion is filed." *Allen*, 593 S.W.3d at 154 (citing *Green*, 106 S.W.3d at 648; *State v. Peele*, 58 S.W.3d 701, 704 (Tenn. 2001); *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). "Once an order becomes final, a trial court loses jurisdiction and generally has no power to modify or amend the order." *Id.* (citing *Green*, 106 S.W.3d at 648-49; *Peele*, 58 S.W.3d at 704; *Pendergrass*, 937 S.W.2d at 837).

Here, the trial court had jurisdiction to consider and rule on the agreed petition for expunction. T.C.A. § 40-32-101(g)(3) ("A person seeking expunction shall petition the court in which the petitioner was convicted of the offense sought to be expunged . . . ."); *see also State v. Cawood*, 134 S.W.3d 159, 162-63 (Tenn. 2004) ("In order to determine if a court has jurisdiction, we consider 'whether or not it had the power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong.'") (quoting *Aladdin Indus., Inc. v. Associated Transp., Inc.*, 323 S.W.2d 222, 229 (Tenn. 1958)). To be sure, a judgment of not guilty by reason of insanity is not a ground for expunction, *see* T.C.A. § 40-32-101(1)(F) (providing for expunction of records "[u]pon a verdict of not guilty being returned, whether by a judge following a bench trial or by a jury"); *State v. Jennings*, 130 S.W.3d 43 (Tenn. 2004) (recognizing that "a verdict of 'not guilty by reason of insanity' is distinctly different from a verdict of 'not guilty'" and

---

out,'" and is formed by adding the Latin stems "ex," which means "out," and "pungere," which means " 'to prick, stab.'" *See* Online Etymology Dictionary, http://www.etymonline.com. Expunction is a "noun of action" derived from the "past participle stem of expungere." *See id.* Expunction is also the term used by the Code. For these reasons, we employ the term expunction rather than expungement.

concluding that such a verdict is, consequently, ineligible for expunction under a former version of Code section 40-32-101); however, the remedy for an erroneous grant of an expunction is properly sought by direct appeal, *see* Tenn. R. App. P. 3(b), (c) (granting both parties an appeal as of right "from a final order on a request for expunction"). In this case, the trial court's order of expunction became final on November 16, 2018, at which time the trial court lost jurisdiction of the case. Consequently, the trial court lacked jurisdiction to hear the State's motion to re-consider the order of expunction.

Accordingly, the judgment of the trial court is vacated.

_____
JAMES CURWOOD WITT, JR., JUDGE