IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 21, 2025 Session

**STATE OF TENNESSEE v. CAITLYN BROOKE HENSON**

**Appeal from the Criminal Court for Sumner County**
**No. 83CC1-2019-CR-291  Dee David Gay, Judge**
_____

**No. M2024-00388-CCA-R3-CO**
_____

Defendant, Caitlyn Brooke Henson, appeals from the trial court's denial of her motion for expungement.  Defendant argues that she is entitled to expungement after her successful completion of a judicial diversion probationary period.  We agree with Defendant. Accordingly, we reverse the judgment of the trial court and remand for entry of an order of expungement pursuant to Tennessee Code Annotated section 40-35-313.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Kylene Ross, Gallatin, Tennessee, for the appellant, Caitlyn Brooke Henson.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Ray Whitley, District Attorney General; and Tara Wyllie, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In September 2019, Defendant entered a conditional plea to attempted possession of heroin with the intent to sell pursuant to Tennessee Code Annotated section 40-35-313. Defendant was placed on judicial diversion with a probationary period of four years to be supervised on Community Corrections.  Within days after being placed on Community Corrections, Defendant admitted to having used methamphetamine, and a violation of Community Corrections warrant was issued.  On October 18, 2019, an amended violation warrant was issued alleging that Defendant had failed a drug screen on October 10, 2019.

At a hearing, Defendant admitted to the violation. The trial court asked Defendant, "[D]o you want to go to the penitentiary . . . or do you want to finish probation and have the opportunity to have your record expunged?" At the conclusion of the hearing, the trial court ordered, "the Defendant's Community Corrections is revoked to time served . . . and the Defendant is returned to Community Corrections in this cause." The trial court added, "It is further ordered [that Defendant] shall retain her eligibility for dismissal of this cause pursuant to [section] 40-35-313."

On May 18, 2020, the trial court entered an order finding that Defendant had "violated the terms and conditions of Community Corrections" and ordering that "Defendant's Community Corrections [be] revoked to time served[.]" The order stated that Defendant would return to Community Corrections and that she "shall retain her eligibility for dismissal of this cause pursuant to T.C.A. § 40-35-313[.]"

Following Defendant's successful completion of her probationary period, the trial court entered an Expiration Order on September 18, 2023. At the urging of her probation officer, on November 8, 2023, Defendant, on her own, sent a letter to the trial court requesting expungement of her record, which the trial court treated as a pro se motion and set for a hearing. At the hearing, Defendant appeared pro se, and the State opposed granting expungement. The trial court revisited the facts underlying the offense and questioned Defendant about her prior drug use. Defendant admitted that she had used heroin and methamphetamine and that she had sold heroin "[f]our or five times." Defendant explained that she was "a mother now" and that she had "done a 360" and "been sober going on five years now." The court expressed its concern over the nation's drug epidemic and the seriousness of the original offense in this case. The court then denied Defendant's request for expungement, commenting, "we've got to have some deterrent effect somewhere on people selling drugs and those that use drugs trying to get clean, and for me to grant your request for diversion now would not accomplish that goal." An order denying expungement was entered on December 4, 2023.

Defendant filed through counsel a motion to reconsider, which the court denied after a hearing, and an order was entered on February 14, 2024.

Initially, the State asks us to dismiss this appeal as untimely because Defendant's notice of appeal was filed more than two months late on March 14, 2024. Pursuant to Tennessee Rules of Appellate Procedure 4(a), a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" There are certain motions that toll the time for filing the notice of appeal. Tenn. R. App. P. 4(c). This Court has consistently held that a motion to rehear or reconsider does not toll the time for filing a notice of appeal. *See State v. Rockwell*, 280 S.W.3d 212,

- 2 -

214 (Tenn. Crim. App. 2007). Thus, the notice of appeal in this case should have been filed within thirty days of the entry of the December 4, 2023 order denying expungement.

This Court may waive the filing requirement "in the interest of justice." Tenn. R. App. P. 4(a). When considering whether to waive an untimely notice of appeal, "this [C]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id*.

Defendant urges this Court to waive the timely filing of the notice of appeal. Defendant acknowledges that a motion to reconsider is not one of the motions that toll the thirty-day requirement. *See* Tenn. R. App. P. 4(c). She argues, however, that the interest of justice supports waiver of the timely filing requirement because Defendant was unrepresented by counsel at the hearing on her request for expungement and "because other grounds for appeal remain unsolved without the intervention of this court." As Defendant notes in her reply brief, the effect of the proceedings below "is that [Defendant] was left with a completed sentence, but no conviction, and without the ability to have a final resolution on this case." Considering the nature of the issue presented and the unique posture of this case, we conclude that the interest of justice mandates waiver of the timely filing of Defendant's notice of appeal. We therefore consider the merits of Defendant's issue.

Throughout the proceedings below, the misuse of certain terms has muddied the already muddy waters surrounding this issue. For example, the trial court's "Expiration Order" states that Defendant was "sentenced for the convicted offense" of attempted possession of heroin with intent to sell. However, no judgment of conviction was ever entered against Defendant and no sentence imposed.

It is well-settled that the decision to grant judicial diversion and the judicial diversion probationary period that results do not constitute a sentence. *See State v. King*, 432 S.W.3d 316, 324 (Tenn. 2014) (citations omitted). Under Tennessee Code Annotated section 40-35-313(a)(1)(A), the trial court "may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty."

Therefore, under the plain language of the judicial diversion statute, a grant of judicial diversion precludes the entry of a judgment of guilt, and "[a] sentence may be imposed only after the individual is found to have violated his or her probation." *King*, 432 S.W.3d at 323; *see also* T.C.A. § 40-35-313(a)(2) (stating that only after the terms of probation are violated may the court "enter an adjudication of guilt and proceed as otherwise provided").

- 3 -

If a defendant placed on judicial diversion violates the terms of his or her probation, the State may seek revocation. *See Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). In addressing the State's allegations, "the trial court should follow the same procedures as those used for ordinary probation revocations." *Id*. If the trial court determines that the defendant violated the terms of his or her judicial diversion, "the court *may* enter an adjudication of guilt and proceed as otherwise provided." T.C.A. § 40-35-313(a)(2) (emphasis added). "The General Assembly's use of the permissive term 'may' indicates that a trial court retains the discretion to leave the defendant on judicial diversion, even after it finds that the defendant violated the terms of his diversionary probation." *State v. Hensley*, No. E2012-00812-CCA-R3-CD, 2013 WL 793579, at *2 (Tenn. Crim. App. Mar. 4, 2013), *no perm. app. filed*.

Upon successful completion of the probationary period under judicial diversion, "the court *shall* discharge the person and dismiss the proceedings against the person." T.C.A. § 40-35-313(a)(2) (emphasis added). Following such a dismissal, a defendant may seek to have his or her record expunged, thereby "restor[ing] the person, in the contemplation of the law, to the status the person occupied before the arrest or indictment or information." *Id*. § 40-35-313(b); *see also State v. Schindler*, 986 S.W.2d 209, 211 (Tenn. 1999). We review the denial of a motion for expungement de novo. *See State v. Jennings*, 130 S.W.3d 43, 45 (Tenn. 2004).

Here, Defendant admitted a violation of her probation shortly after being granted diversion. However, by agreement between the State and Defendant and with approval of the trial court, it was ordered that Defendant "retain her eligibility for dismissal of this cause pursuant to [Tennessee Code Annotated section] 40-35-313" and, significantly, no judgment of conviction was entered in this case. Four years elapsed between Defendant's violation and her motion for expungement *without the entry of a judgment of conviction*. Even if the trial court stated that "Defendant's Community Corrections [was] revoked to time served," the functional effect of its order was to reinstate Defendant's diversion. Accordingly, in our view, the trial court did not revoke Defendant's judicial diversion after her violation and Defendant remains to this day unsentenced.

The State asserts that the trial court did not err by denying Defendant's motion for expungement because Defendant "did not successfully complete judicial diversion." The State's acknowledges that no judgment of conviction was entered and that no sentencing hearing was held. The State insists that the trial court revoked judicial diversion and sentenced Defendant to Community Corrections. We disagree. It is apparent from the record that the trial court, at the suggestion of the parties, returned Defendant to Community Corrections supervision but ordered that she "shall retain her eligibility for dismissal of this cause pursuant to [Tennessee Code Annotated section] 40-35-313[.]"

Defendant completed her diversionary probation period without further incident, and pursuant to the statute, "the court *shall* discharge the person and dismiss the proceedings against the person." T.C.A. § 40-35-313(a)(2) (emphasis added). Defendant thereafter sought expungement of her record, and it was error for the trial court to reexamine its prior determination on whether to leave Defendant on judicial diversion. In our de novo review, we conclude that Defendant is entitled to have her record expunged.

## CONCLUSION

For the foregoing reasons, we reverse the trial court's denial of Defendant's motion for expungement and remand for entry of an order of expungement.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 5 -