IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs at Knoxville May 21, 2013

## STATE OF TENNESSEE v. BRANDON ROLLEN

**Appeal from the Criminal Court for Shelby County**
**Nos. 0304918, 0304919, 0304020, 0304921  John T. Fowlkes, Jr., Judge**

---

**No. W2012-01513-CCA-R3-CD  -  Filed September 11, 2013**

---

The Appellant, Brandon Rollen, appeals the Shelby County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36 motion for correction of clerical errors in four aggravated robbery judgments.  On appeal, he argues that the trial court erred in denying the motion. We reverse the trial court's order dismissing the motion and remand the case to the trial court for consideration on the merits pursuant to Tennessee Rule of Criminal Procedure 36 and Tennessee Rule of Criminal Procedure 36.1.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Criminal Court Reversed;**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Brandon Rollen, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Theresa Smith McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 15, 2004, the Appellant pleaded guilty to four counts of aggravated robbery and one count of assault, which is not relevant to this appeal.  He received concurrent sentences of twelve years as a Range I offender for each count of aggravated robbery.  When they were entered, the judgments reflected the following pretrial jail credit:

| Case | Conviction | Pretrial Jail Credit |
|------|------------|----------------------|
| 03-04918 | Aggravated Robbery | 206 days |
| 03-04919 | Aggravated Robbery | 246 days |
| 03-04920 | Aggravated Robbery | 266 days |
| 03-04921, Count 1 | Aggravated Robbery | 206 days (later modified to 571 days) |

On May 17, 2004, the trial court corrected the aggravated robbery judgment in case 03-04921 to reflect 571 days of pretrial jail credit. In 2012, the Appellant filed a pro se motion requesting that the court correct the judgments in cases 03-04918, 03-04919, and 03-04920 to reflect 571 days of pretrial jail credit. The motion stated that the judgments in case 03-04921 were already corrected to reflect the proper amount of pretrial jail credit. The motion also stated that the aggravated robbery judgment in case 03-04921 was void because it stated that the indictment was filed on July 24, 2003, but that the offense was committed over a year later on September 22, 2004. The trial court denied the motion, concluding that it had no jurisdiction because issues regarding the Department of Correction's failure to award jail credits must be addressed through the Administrative Procedures Act. This appeal followed.

The State filed a motion to dismiss the appeal on the basis that this court lacked jurisdiction to consider an appeal from a denial of a Tennessee Rule of Appellate Procedure 36 motion to correct a judgment. This court denied the motion, noting the July 1, 2012 amendments to Tennessee Rule of Criminal Procedure 36 and Tennessee Rule of Appellate Procedure 3(b) allowing an appeal from a trial court's denial of a motion to correct a judgment. *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD (Tenn. Crim. App. Feb. 25, 2013) (order) (citing *State v. Travis Davison*, No. W2011-02167-CCA-R3-CD (Tenn. Crim. App. Nov. 20, 2012)).

The Appellant contends that the trial court erred in summarily dismissing the motion. He asserts that the trial court incorrectly interpreted his motion as seeking relief from the Department of Correction's calculation of sentence credits or parole date. He argues that although he has no appeal as of right from Tennessee Rule of Criminal Procedure 36, this court should consider the appeal as a petition for the writ of certiorari. Renewing its argument made in its motion to dismiss, the State contends that the language of amended Tennessee Rule of Criminal Procedure 36 and amended Tennessee Rule of Appellate Procedure 3 does not grant the Appellant the right to appeal the denial of a Rule 36 motion

and that the court should not consider the matter as a petition for the writ of certiorari. Alternatively, the State argues that the trial court properly denied the motion because the Appellant stated claims of illegal sentences, which are cognizable in a habeas corpus proceeding but not in a Rule 36 motion. We conclude that the Appellant has an appeal as of right from the trial court's denial of a Rule 36 motion and that the trial court erred in dismissing the claims.

## I

We address first the State's contention that this court lacks jurisdiction to consider the appeal of a denial of a Rule 36 motion. The State concedes that the 2012 amendments to Tennessee Rule of Criminal Procedure 36 and Tennessee Rule of Appellate Procedure 3(b) apply to the Appellant's case. Tennessee Rule of Criminal Procedure 36 authorizes a trial court to correct clerical errors in a judgment at any time. The Rule provides, in pertinent part: "Upon the filing of a corrected judgment or order, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure." Tenn. R. Crim. P. 36. Tennessee Rule of Appellate Procedure 3(b) was amended effective July 1, 2012, to provide in pertinent part: "The defendant may . . . appeal as of right from . . . an order or judgment entered pursuant to Rule 36, Tennessee Rules of Criminal Procedure[.]" T.R.A.P. 3(b) (2012) (amended 2013). Tennessee Rule of Appellate Procedure 3(c) was amended, as well, to provide an appeal as of right to the State from an order or judgment entered pursuant to a Rule 36 motion. *See* T.R.A.P. 3(c) (2012) (amended 2013).

The State argues that the language of Rule 3(b) and Rule 36 allows an appeal as of right from a "corrected judgment" or an order that corrects or alters the record. The State notes that the 2012 Advisory Commission Comments to Rule 36 provide in part:

> In an appeal as of right from the entry of a corrected judgment or order pursuant to Tenn. R. Crim. P. 36, the record on appeal should include the listed items [in Tennessee Rule of Appellate Procedure 24(a)] pertaining to the original judgment or order, as well as those items pertaining to the corrected judgment or order.

*See also* T.R.A.P. 24(a), Advisory Comm'n Cmts. [2012] (containing identical language). The State argues, therefore, that an appeal as of right extends only to parties aggrieved of corrected judgments or orders correcting a judgment, not orders denying a request for a correction. We disagree.

The State argues for a construction of Tennessee Rule of Criminal Procedure 36's "corrected judgment or order" language that limits a party to an appeal from a "corrected

judgment" or a "corrected order." We note that the 2012 version of Tennessee Rule of Appellate Procedure 3(b) and (c) provides for an appeal from "an order" entered pursuant to Rule 36. Neither subsection (b) nor (c) contains any qualifying language that limits the appeal as of right to only corrected judgments or orders correcting a judgment. We note, as well, that Tennessee Rule of Appellate Procedure 3 and Tennessee Rule of Criminal Procedure 36 provide an appeal as of right to both the defendant and the State. We conclude that the Appellant has an appeal as of right from the trial court's order denying his motion to correct the judgments.

In any event, effective July 1, 2013, Tennessee Rule of Criminal Procedure 36.1 provides a means for a defendant or the State to seek correction of an illegal sentence. To correspond with the adoption of Rule 36.1, Tennessee Rule of Appellate Procedure 3 was amended to provide for an appeal as of right by either party from a trial court's ruling on a Rule 36.1 motion. *See* T.R.A.P. 3(b), (c), Advisory Comm'n Cmts. [2013]. This court has recognized that a judgment that does not award earned pretrial jail credits contains an illegal sentence. *Tucker v. Morrow*, 325 S.W.3d 116, 122 (Tenn. Crim. App. 2009); *see* T.C.A. § 40-23-101(c) (2012) (requiring the trial court to enter a judgment that includes pretrial jail credits earned by a defendant).

Because we have concluded that the Appellant has an appeal as of right, review by writ of certiorari is not necessary. Consideration of the question of the propriety of certiorari review is not warranted.

## II

Regarding the merits of the appeal, the State contends that the Appellant is not entitled to relief because the allegations raise issues of illegal sentences, not clerical errors, and relief from illegal sentences is not contemplated by Rule 36. The judgment in case 03-04918 states that the Appellant is entitled to 206 days of pretrial jail credit for the period September 23, 2002, to April 15, 2004. This time period is more than 206 days. The judgment in case 03-04919 states that the Appellant is entitled to 246 days of pretrial jail credit for the period August 14, 2003, to April 15, 2004. This time period is 246 days. The judgment in case 03-04920 states that the Appellant is entitled to 266 of pretrial jail credit for the period July 25, 2003, to April 15, 2004. This time period is 266 days. From our review of the number of days of pretrial jail credit granted and the stated dates, we conclude that the judgment in case 03-04918 contains an error in the number of days or in the dates. The case must be remanded for the trial court to resolve the conflict and correct the error.

Regarding Count 1 of case 03-04921, the judgment reflects that the indictment was returned on a date before the offense was committed. The indictment, though, shows that it

was returned after the offense was committed and establishes that the date of the offense was incorrectly transcribed in the judgment. Because the record establishes a clerical error, the trial court should have corrected the judgment pursuant to Tennessee Rule of Criminal Procedure 36. On remand, the court shall correct the error.

Regarding review of the judgments in cases 03-04918, 03-04919, and 03-04920 for the appropriate award of pretrial jail credits, we have stated that denial of pretrial jail credits creates an illegal sentence. Until recently, the method for addressing illegal sentence claims concerning pretrial jail credits had been through a petition for the writ of habeas corpus. *See, e.g.*, *Tucker*, 335 S.W.3d at 123. At the time the Appellant filed his motion and the trial court considered it, the writ of habeas corpus provided the mechanism for addressing the Appellant's issues. We note, though, that aside from the inconsistency between the number of days of pretrial jail credits and the dates shown on the face of the judgment for case 03-04918, the Appellant did not provide any documents to establish his entitlement to pretrial jail credits in cases 03-04919 and 03-04920 as would be required for the trial court to consider the motion as a petition for habeas corpus relief. *See id.* at 123-24; *see also Summers v. State*, 212 S.W.3d 251, 262 (Tenn. 2007). The trial court, therefore, was not in a position to consider the Appellant's motion as a petition for the writ of habeas corpus.

As we have noted, newly effective Tennessee Rule of Criminal Procedure 36.1 provides for correction of an illegal sentence. Although Rule 36.1 did not take effect until after the Appellant's notice of appeal was filed, its provisions are now effective and allow a defendant to file a motion to correct a sentence that is not statutorily authorized or that contravenes an applicable statute. *See* Tenn. R. Crim. P. 36.1. A procedural rule that is remedial in nature is properly applied to appeals pending on the rule's effective date. *See, e.g.*, *In re D.A.H.*, 142 S.W.3d 267, 273 (Tenn. 2004); *State v. Kenneth D. Hubanks*, No. W2007-00906-SC-R11-CD (Tenn. Nov. 2, 2012) (order) (remanding the case to the Court of Criminal Appeals to consider a certified question of law pursuant to amended Tenn. R. Crim. P. 37(b)(2)(A), which became effective while the case was on appeal); *State v. Hanners*, 235 S.W.3d 609, 612 (Tenn. Crim. App. 2007) (applying the rule stated in *In re D.A.H.* in a criminal proceeding)*; State v. Charlie Burks*, No. W2011-02567-CCA-R3-CD, slip op. at 3-4 (Tenn. Crim. App. June 21, 2013) (stating that 2012 amendments to Tenn. R. Crim. P. 36 could be applied retroactively).

Regarding the procedure to be followed pursuant to Tennessee Rule of Criminal Procedure 36.1(b), the rule provides:

> Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by

counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

We note that in contrast to the requirements to survive summary dismissal of a habeas corpus claim, Rule 36.1 requires a defendant to state a colorable claim in his motion but does not require that he attach supporting documents. Under Rule 36.1, the Appellant has stated a colorable claim of illegal sentences for cases 03-04918, 03-04919, and 03-04920. On remand, the trial court shall appoint counsel and proceed under the framework of Rule 36.1. The court shall resolve the clerical errors in the judgments in case 03-04918 and Count 1 of case 03-04921 and shall address the Appellant's colorable illegal sentence claims regarding pretrial jail credits in cases 03-04918, 03-04919, and 03-04920.

In consideration of the foregoing and the record as a whole, the trial court's order dismissing the Appellant's motion to correct the judgments is reversed. The case is remanded for further proceedings consistent with this opinion.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE